[No. 25158-9-I.   Division One.   May 26, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. JEFFREY QUINTON JACKSON, *Appellant.*

*Andrew P. Stanton* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael Shaw, Deputy,* for respondent.

PER CURIAM. — Jeffrey Quinton Jackson appeals the order of disposition entered in juvenile court finding him guilty of possession of a controlled substance (cocaine), alleging that the court erred in ordering him to contribute

$50 to the interlocal drug fund. The case has been referred to a panel of judges for accelerated review pursuant to RAP 18.12. We reverse and remand for resentencing.

## FACTS

On October 19, 1988, a security officer employed by the Lake Shore Apartments in Seattle found Jackson sitting alone in a car on apartment property. The security officer was aware that Jackson was not allowed to be on apartment property and contacted police. Shortly thereafter, a Seattle police officer arrived at the scene and investigated the apparent criminal trespass violation. The police officer searched Jackson for weapons and found a white substance resembling cocaine.

Jackson was later charged by information with the crimes of possession of cocaine (count 1) and criminal trespass in the second degree (count 2). Following a fact-finding hearing, the juvenile court found Jackson guilty of count 1 and not guilty of count 2.

A disposition hearing was held on December 6, 1989. Jackson received a disposition within the standard range for the drug offense. The juvenile court also ordered Jackson to pay "$50.00 to the Interlocal Drug Fund within 60 days of this date". This appeal followed.

## DECISION

The sole issue presented on review is whether the juvenile court erred in ordering Jackson to pay $50 to the interlocal drug fund. Jackson contends that the court exceeded its statutory authority in ordering him to contribute to the interlocal drug fund under the Juvenile Justice Act of 1977 (JJA), which provides:

> The provisions of chapters 13.04 and 13.40 RCW, as now or hereafter amended, shall be the exclusive authority for the adjudication and disposition of juvenile offenders except where otherwise expressly provided.

RCW 13.04.450.

Jackson relies on a line of cases discussing whether the victim's penalty assessment under RCW 7.68.035 applies to

proceedings in juvenile court.[1] In *State v. Q.D.*, 102 Wn.2d 19, 29, 685 P.2d 557 (1984), the court held that juvenile offenders may be ordered to pay the penalty assessment because RCW 7.68.035 "expressly and unambiguously provides for the application of the penalty in juvenile [proceedings]." The Court of Appeals reached similar results in *State v. Sargent*, 36 Wn. App. 463, 674 P.2d 1268 (1984) and *State v. Anderson*, 37 Wn. App. 157, 678 P.2d 1310 (1984). In both cases, the decision of the court was based on the fact that the Legislature had expressly authorized the imposition of the victim's penalty assessment in juvenile offense proceedings. Since there are no provisions in the JJA or any other statute which specifically authorize a juvenile court to require a juvenile offender to contribute to the drug interdiction fund, Jackson argues that this court should strike that financial obligation from his disposition.

The State on the other hand asserts that Jackson's reading of the JJA is too narrow and restricted. The State correctly points out that RCW 13.40.020(3)(a) permits the court to impose a fine which does not exceed $100 as part of community supervision.[2] Since contributions to the interlocal drug fund are treated as a "court-ordered legal financial obligation" under RCW 9.94A.030(10), the State argues that the term "fine" in RCW 13.40.020(3)(a) should be liberally

---

[1]RCW 7.68.035 provides as follows:

"(1) Whenever any person is found guilty in any superior court of having committed a crime, . . . there shall be imposed by the court upon such convicted person a penalty assessment. The assessment shall be in addition to any other penalty or fine imposed by law . . ..
". . . .

"(7) Penalty assessments under this section shall also be imposed in juvenile offense dispositions under Title 13 RCW. Upon motion of a party and a showing of good cause, the court may modify the penalty assessment in the disposition of juvenile offenses under Title 13 RCW."

[2]The version of RCW 13.40.020(3) in effect at the time of the offense provided, in pertinent part:

" 'Community supervision' " means an order of disposition by the court of an adjudicated youth. A community supervision order for a single offense may be for a period of up to one year and include one or more of the following:

"(a) A fine, not to exceed one hundred dollars . . .."

construed to encompass contributions to the interlocal drug fund. The State's argument is, however, flawed.

■■ The State relies upon a definition of "court-ordered legal financial obligation" contained in the adult determinate sentencing scheme of the Sentencing Reform Act of 1981 (SRA). Although the State is correct when it states that interlocal drug funds are included within the statutory definition of "court-ordered legal financial obligation", the State fails to mention that "fines" are also specifically listed as a financial obligation under the statute.[3] "Where different language is used in the same connection in different parts of a statute, it is presumed that a different meaning was intended." *State v. Roth*, 78 Wn.2d 711, 715, 479 P.2d 55 (1971); *see also Seeber v. State Pub. Disclosure Comm'n*, 96 Wn.2d 135, 139, 634 P.2d 303 (1981). We must therefore presume that the Legislature intended "fines" and "interlocal drug funds" to have different meanings under the SRA.

■ ■ As noted earlier, however, the juvenile court is expressly authorized to assess a fine as part of the disposition of juvenile offenders. The word "fine" is not defined in the JJA. If a term is not defined in a statute, the term is generally accorded its plain and ordinary meaning unless a contrary legislative intent is evident. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 828 P.2d 549 (1992). "Fine" is commonly understood to mean "[a] sum required to be paid as punishment or penalty for an offense". *Webster's New World Dictionary* (2d ed. 1976). Using this definition of

---

[3]The current version of RCW 9.94A.030(10) states:

" 'Court-ordered legal financial obligation' means a sum of money that is ordered by a superior court of the state of Washington for legal financial obligations which may include restitution to the victim, statutorily imposed crime victims' compensation fees as assessed pursuant to RCW 7.68.035, *court costs, county or interlocal drug funds*, court-appointed attorneys' fees, and costs of defense, *fines*, and any other financial obligation that is assessed to the offender as a result of a felony conviction." (Italics ours.) The term "fines" is, in turn, defined in the SRA as:

" 'Fines' means the requirement that the offender pay a specific sum of money over a specific period of time to the court." RCW 9.94A.030(19).

"fine", a monetary payment to the interlocal drug fund would appear to qualify as a proper financial penalty under the JJA.[4] However, there is language in the JJA suggesting a contrary legislative intent.

■ RCW 13.40.200(4) provides:

> If a respondent has been ordered to pay a fine or monetary penalty and due to a change of circumstance cannot reasonably comply with the order, the court, upon motion of the respondent, may order that the unpaid fine or monetary penalty be converted to community service. The number of hours of community service in lieu of a monetary penalty or fine shall be converted at the rate of the prevailing state minimum wage per hour. *The monetary penalties or fines collected shall be deposited in the county general fund.* A failure to comply with an order under this subsection shall be deemed a failure to comply with an order of community supervision and may be proceeded against as provided in this section.

(Italics ours.) Under RCW 13.40.200, the assessed and collected fines are to be deposited in a single countywide general fund and not distributed among various special projects or programs including the interlocal drug fund. We are constrained by the controlling statutes to conclude that a contribution to the interlocal drug fund is not legislatively authorized in juvenile offense proceedings. *See State v. Rice*, 98 Wn.2d 384, 395, 655 P.2d 1145 (1982). Accordingly, the juvenile court erred in imposing that monetary obligation in this case.[5]

In view of our holding, we need not address the question of whether the juvenile court also erred in failing to enter a formal finding that Jackson had the present or future ability to pay the $50 contribution to the interlocal drug fund.

---

[4]In this case, it is quite apparent from the disposition that the juvenile court also considered the contribution to the interlocal drug fund to be a fine. The dispositional order indicates that the standard range for the charged drug offense is 9 to 12 months of community supervision with 48 to 64 hours of community service, 10 to 20 days of confinement and a maximum fine of $50. The juvenile court ordered Jackson to pay $50 to the interlocal drug fund.

[5]The juvenile court may still impose a "fine" within the standard range under RCW 13.40.020(3)(a) and RCW 13.40.0357.

The disposition is reversed and the case is remanded for resentencing in accordance with the opinion of this court.