[No. 40207-2-I.    Division One.    December 13, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. LAWRENCE
JOHN KELLER, *Appellant*.

*Andrew Louis Subin*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Stephen Gerard Teply* and *Amy Jean Freedheim, Deputies*, for respondent.

Cox, J. — Lawrence Keller appeals his conviction and sentence for vehicular assault and felony hit and run. He contends that the trial court erroneously sentenced him to life imprisonment without the possibility of parole under the Persistent Offender Accountability Act (POAA).[1] Specifically, he claims that because his prior two convictions for "most serious offenses" were committed before July 1, 1986, and served concurrently, those offenses only count as one, not two, for the purposes of the POAA. We hold that Keller's two prior convictions count as two offenses for the purposes of the POAA. We also conclude that there was no other error and affirm.

Keller was involved in a car accident on October 16, 1994. The accident left the occupants of the other car seriously injured. Although Keller insisted he was the passenger, not

---

[1]The relevant portions of the POAA, as it existed in 1994, were codified at former RCW 9.94A.030(21) (definition of a "[m]ost serious offense"); former RCW 9.94A.030(25) (definition of a "[p]ersistent offender"); and former RCW 9.94A.120(4) (stating, "A persistent offender shall be sentenced to a term of total confinement for life without the possibility of parole . . . .").

the driver, at the time of the accident, the State charged him with vehicular assault and felony hit and run. A jury convicted him on both counts. But the court vacated the jury verdict based on prosecutorial misconduct during closing arguments in the first trial.

Over Keller's double jeopardy objections, he was again tried and convicted of vehicular assault and felony hit and run. At sentencing, the court determined that Keller was a persistent offender and sentenced him to life in prison without the possibility of parole.

Keller appeals the judgment and sentence.

## POAA

Keller served concurrent sentences for two prior convictions, one for aggravated assault and the other for second degree assault. He committed each crime on separate occasions and before July 1, 1986. Keller contends that because these two crimes "count" as only one offense in the calculation of his offender score, they also "count" as only one offense in determining whether he is a persistent offender. This argument is not supported by the governing statutes, and we reject it.

■■■■ We review de novo the trial court's application of the relevant statutes to make sentencing determinations under the POAA.[2] When we construe a statute, we do so in the manner that best fulfills its legislative purpose and intent.[3] Legislative intent is primarily determined from the statutory language.[4] Absent evidence of a contrary intent, we must give words in a statute their plain and ordinary

---

[2]*In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 245, 955 P.2d 798 (1998) (holding that the application of the Sentencing Reform Act of 1981 (SRA), including its sentencing provisions, is a question of law that is reviewed de novo).

[3]*State v. Villegas*, 72 Wn. App. 34, 37, 863 P.2d 560 (1993), *review denied*, 124 Wn.2d 1002 (1994).

[4]*State v. Young*, 125 Wn.2d 688, 694, 888 P.2d 142 (1995).

meaning.[5] When the same words are used in related statutes, we must presume that the Legislature intended the words to have the same meaning.[6] Conversely, when different words are used in the same statute to deal with related matters, we must presume that the Legislature intended those words to have different meanings.[7] We avoid constructions that cause unlikely, strange, or absurd results.[8] We construe each part or section of a statute in connection with every other part to harmonize the statute as a whole.[9]

■ Keller's statutory argument involves three former provisions of the SRA. They are former RCW 9.94A.030(25), which defines a persistent offender under the POAA, and former RCW 9.94A.360(2) and (6), which set forth specific rules for determining a defendant's offender score under the SRA. The question before us is the extent to which the provisions related to offender scores apply to the definition of a persistent offender. For the following reasons, we conclude that former RCW 9.94A.360 applies only to exclude prior convictions that have "wash[ed] out"[10] under former RCW 9.94A.360(2) in determining whether a defendant is a persistent offender.

First, former RCW 9.94A.030(25) defines a "persistent offender" as one who:

> (a) Has been convicted in this state of any felony considered a most serious offense; and

---

[5]*Koker v. Armstrong Cork, Inc.*, 60 Wn. App. 466, 471, 804 P.2d 659, *review denied*, 117 Wn.2d 1006 (1991).

[6]2A NORMAN J. SINGER, STATUTES & STATUTORY CONSTRUCTION § 46.06, at 120 (5th ed. 1992) ("There is a presumption that the same words used twice in the act have the same meaning."); *State v. Akin*, 77 Wn. App. 575, 580-81, 892 P.2d 774 (1995).

[7]*State v. Jackson*, 65 Wn. App. 856, 860, 829 P.2d 1136 (1992).

[8]*State v. Contreras*, 124 Wn.2d 741, 747, 880 P.2d 1000 (1994).

[9]*Akin*, 77 Wn. App. at 580.

[10]*See State v. Morley*, 134 Wn.2d 588, 601, 952 P.2d 167 (1998) (RCW 9.94A.360(2) sets forth when various classes of crimes in a defendant's history must be included in the offender score, the consideration under this subsection being whether the prior conviction is old enough to "wash out").

(b) Has, before the commission of the offense under (a) of this subsection, been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses and would be *included in the offender score* under RCW 9.94A.360; provided that of the two or more previous convictions, at least one conviction must have occurred before the commission of any of the other most serious offenses for which the offender was previously convicted.[11]

Our focus here is on the phrase *"included in the offender score"* of subsection (b), above, because the remaining portions of the statute are not at issue here.[12]

Exactly the same phrase is found in former RCW 9.94A.360, to which the persistent offender definition expressly refers. This statute sets forth the "offender score rules." Subsection (2), the "washout" provision,[13] states in part:

Except as provided in subsection (4) of this section,[14] class A and sex prior felony convictions shall always be *included in the offender score*. Class B prior felony convictions other than sex offenses shall not be *included in the offender score*, if since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent ten consecutive years in the community without being convicted of any felonies. Class C prior felony convictions other than sex

---

[11](Emphasis added.)

[12]Keller's current conviction for vehicular assault qualifies as a "most serious offense" under subsection (a), and the two prior convictions satisfy the other requirements of subsection (b) because they were committed on separate occasions and one occurred before the other most serious offense was committed.

[13]*See, e.g., Villegas*, 72 Wn. App. at 38 (referring to RCW 9.94A.360(2) as the " 'washout' " provision).

[14]Subsection (4) of former RCW 9.94A.360 provided as follows:

"Always include juvenile convictions for sex offenses. Include other class A juvenile felonies only if the offender was 15 or older at the time the juvenile offense was committed. Include other class B and C juvenile felony convictions only if the offender was 15 or older at the time the juvenile offense was committed and the offender was less than 23 at the time the offense for which he or she is being sentenced was committed."

offenses shall not be *included in the offender score* if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without being convicted of any felonies.[15]

We presume that the Legislature intended that the phrase "included in the offender score" had the same meaning when used in these two closely related statutes, former RCW 9.94A.030(25) and former RCW 9.94A.360(2).[16] Consistent with this approach, we also presume that the phrase has the same meaning throughout former RCW 9.94A-.360(2).

Second, the Legislature used different wording in former RCW 9.94A.360(6)(c), which provided:

In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, *count all adult convictions served concurrently as one offense* . . . . Use the conviction for the offense that yields the highest offender score.[17]

Thus, in contrast to "included in the offender score" used in former RCW 9.94A.030(25) and former RCW 9.94A-.360(2), the Legislature here instructs courts how to "count" multiple prior offenses in calculating the offender score. We presume that the Legislature intended different meanings by the use of different wording.[18]

Focusing on the word "count" in subsection (6)(c), Keller essentially argues that his two prior convictions, for which he served concurrent sentences, "count" as one offense. He contends that those two prior convictions would "count" as one offense for the purpose of his offender score. Moreover, he maintains that "count" is interchangeable with "in-

---

[15](Emphasis added.)

[16]*Akin*, 77 Wn. App. at 580-81.

[17](Emphasis added.)

[18]*Jackson*, 65 Wn. App. at 860.

cluded" in the clause "included in the offender score" that is part of the definition of persistent offender. From this premise, he concludes his two prior most serious offenses "count" as only one offense under the POAA as well as under the offender score rules.

There are two problems with this approach. First, it relies too heavily on considering the words "count" and "include" in isolation. In properly construing the statute, it is far more important to consider these words in the context in which they are used in the statutes rather than to consider their meanings in isolation.[19]

The second problem is that Keller's argument violates a fundamental rule of construction that governs here: the phrases in these two closely related statutes are different and thus presumptively have different meanings. The additional dimension of this rule here is that the Legislature used different wording within the different subsections of former RCW 9.94A.360. Whereas the phrase "included in the offender score" appears in subsection (2), it does not appear in subsection (6)(c) or in any other subsections of former RCW 9.94A.360. This is significant because it reinforces our view that the Legislature meant different things when it wrote subsections (2) and (6)(c) of former RCW 9.94A.360. Moreover, had the Legislature intended this phrase to mean what Keller argues, it would have been a simple task for the Legislature to use the same phrase in subsection (6)(c) as it did in subsection (2). The Legislature's choice not to do that supports our view that Keller's argument is incorrect.

We conclude that it is unlikely that the Legislature intended subsection (6)(c) to be a provision by which offenders could escape the effect of the POAA. According to Keller's reading of the statute, any offender who had served concurrent sentences for multiple crimes committed before July 1, 1986, would always be considered to have committed only one prior offense for purposes of the POAA. But

---

[19]2A SINGER, *supra* note 6 § 46.05, at 104 (quoting *Leach v. Federal Deposit Ins. Corp.*, 860 F.2d 1266 (5th Cir. 1988), *cert. denied*, 491 U.S. 905 (1989)).

nothing in the statute or in any legislative history suggests that multiple "most serious" offenses committed prior to July 1, 1986, were to be considered as one offense under the POAA.

Rather, we think it more likely that the Legislature intended the reference to "included in the offender score" in former RCW 9.94A.030(25) to be limited to the "washout" provisions that are described in more detail in former RCW 9.94A.360(2). Under these provisions, certain prior convictions such as those for class A and sex felonies, will always be included in calculating a defendant's offender score. Other prior convictions, such as nonsex offense class B and C felonies, will wash out so long as the defendant is not again convicted for a specified minimum period of time. By washing out, the prior convictions are not included in the calculation of the offender score at sentencing for subsequent convictions.

Applying the washout provisions to the POAA is consistent with that act's purpose of deterring repeat offenses.[20] Because the "washout" provisions provide an incentive to not reoffend, they advance the goals of the POAA.

Keller also argues that the different definitions of "criminal history"[21] and "offender score"[22] demonstrate that RCW 9.94A.360(6)(c) precludes consideration of his two prior convictions for purposes of the POAA. He notes that "criminal history," which includes *all* of a defendant's prior convictions, is broader than "offender score," which may include only certain prior convictions because of the way in which that score is calculated. According to Keller, if we consider his two prior convictions for crimes committed before July 1, 1986, we would essentially rewrite the definition of persistent offender to include an offender's entire

[20]*State v. Thorne*, 129 Wn.2d 736, 771, 921 P.2d 514 (1996).

[21]Former RCW 9.94A.030(12)(a) provides in part: " 'Criminal history' means the list of a defendant's prior convictions, whether in this state, in federal court, or elsewhere."

[22]RCW 9.94A.360 states in part: "The offender score is the sum of points accrued under this section rounded down to the nearest whole number."

criminal history, not just those convictions that would be "included in the offender score under RCW 9.94A.360." We do not agree.

As we discussed above, we read the definition of persistent offender to incorporate only the washout provisions of RCW 9.94A.360(2). Thus, a defendant's entire criminal history would not be used to determine whether he or she is a persistent offender. Rather, only those convictions that have not washed out and are therefore "included in the offender score" under former RCW 9.94A.360 are considered for purposes of the POAA.

Keller next argues that the use of "count" and "include" in court decisions prove that the words are interchangeable. But because the cases on which Keller relies use "count" and "include" in different contexts than the one before us, Keller's reliance on them is misplaced.

Keller cites passages from *Morley*,[23] *State v. Luckett*,[24] and *In re Personal Restraint of Holmes*[25] to demonstrate that "count" and "include" are synonymous under the SRA. But these cases involved a general challenge to the defendant's offender score. In *Morley*, our Supreme Court determined that courts-martial can be "included" in a defendant's offender score. And in *Luckett* and *Holmes*, this court reviewed the calculation of Luckett's and Holmes' offender scores. In each of these cases, "count" and "include" are used interchangeably to mean "consider" or "tally." Clearly, that usage in court decisions does not answer the question we face here—whether the Legislature intended "included within the offender score" in former RCW 9.94A.030(25) and former RCW 9.94A.360(2) to carry the same meaning as "count" in former RCW 9.94A.360(6)(c).

Keller also urges us to apply the rule of lenity here by construing the phrase "included in the offender score" in the fashion that he proposes. Because we conclude that for-

[23] *State v. Morley*, 134 Wn.2d 588, 952 P.2d 167 (1998).

[24] 73 Wn. App. 182, 186, 869 P.2d 75, *review denied*, 124 Wn.2d 1015 (1994).

[25] 69 Wn. App. 282, 848 P.2d 754 (1993).

mer RCW 9.94A.030(25) is not ambiguous, we decline to apply the rule of lenity.[26]

To summarize, the phrase "included in the offender score under [former] RCW 9.94A.360" as used in former RCW 9.94A.030(25) refers specifically to the washout provisions set forth in former RCW 9.94A.360(2). The phrase is not interchangeable with the provisions of former RCW 9.94A.360(6)(c). Here, Keller's two prior most serious offenses are both included because there is no basis for concluding that either offense qualifies for different treatment. He is a persistent offender under the definition of the POAA.

We affirm the judgment and sentence.

The remainder of this opinion has no precedential value and will be filed for public record in accordance with the rules governing unpublished opinions.[27]

BAKER and BECKER, JJ., concur.

Review granted at 140 Wn.2d 1020 (2000).

---

[26]*See In re Personal Restraint of Sietz*, 124 Wn.2d 645, 652, 880 P.2d 34 (1994) (rule of lenity applies only where statute is ambiguous and not clarified by legislative history); *see also Moskal v. United States*, 498 U.S. 103, 107-08, 111 S. Ct. 461, 112 L. Ed. 2d 449 (1990) (reserving application of the rule of lenity to those situations in which a reasonable doubt persists about a statute's intended scope after resort to rules of construction).

[27]RCW 2.06.040.