19 P.3d 1030 (2001)
143 Wash.2d 267
STATE of Washington, Respondent,
v.
Lawrence John KELLER, Petitioner.
No. 68993-8.
Supreme Court of Washington, En Banc.
Argued October 26, 2000.
Decided March 22, 2001.
*1032 Suzanne Lee Elliott, Seattle, amicus curiae on behalf of Washington Ass'n of Criminal Defense Lawyers.
Lawrence J. Keller, Walla Walla, Carney, Badley, Smith & Spellman, Kenneth Scott Kagan, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, Stephen Gerard Teply, Deputy, Amy Jean Freedheim, Deputy, James Morrissey Whisman, Deputy, Seattle, for Respondent.
*1031 SMITH, J.
Petitioner Lawrence John Keller seeks review of a decision of the Court of Appeals, Division One, which affirmed his conviction in the King County Superior Court for vehicular assault under former RCW 46.61.522(1)(b) and felony hit and run under RCW 46.52.020.[1] Petitioner was determined to be a persistent offender with three "strikes," thus subjecting him to the penalty of life imprisonment under the Persistent Offender Accountability Act (Persistent Offender Act).[2] The Court of Appeals concluded the phrase "included in the offender score under [former] RCW 9.94A.360" in former RCW 9.94A.030(25)(b) refers specifically to the "washout" provision in former RCW 9.94A.360(2), and thus Petitioner's two prior felony convictions would be included as "strikes" under the Persistent Offender Act. This court granted review limited to the persistent offender issue. We affirm.

QUESTION PRESENTED
The question presented in this case is whether two prior felony convictions which count as one offense in the calculation of an offender score because the sentences were served concurrently may nevertheless be counted as two prior convictions in determining "strikes" under the Persistent Offender Act.

STATEMENT OF FACTS
Petitioner Lawrence John Keller on December 21, 1994 was charged by information in the King County Superior Court with one count of vehicular assault under former RCW 46.61.522(1)(b) and on May 16, 1996 by amended information with one count of vehicular assault under former RCW 46.61.522(1)(b), a class C felony; one count of hit and runfelony under RCW 46.52.020(4), a class C felony; and one count of assault in the second degree under former RCW 9A.36.020(1)(f), repealed by Laws of 1986, ch. 257, § 9, a class B felony. The charges arose out of an automobile collision in Seattle, Washington on October 16, 1994.[3]
On August 5, 1995 Petitioner was found "guilty" of hit and runfelony and assault in the second degree.[4] On August 6, 1995 a mistrial was declared because of prosecutorial misconduct and a new trial was ordered.[5] In the retrial, the jury on January 8, 1996 *1033 found Petitioner Keller "guilty" of vehicular assault under former RCW 46.61.522(1)(b) and felony hit and run under RCW 46.52.020.[6]
At the sentencing hearing on February 18, 1997, the trial court, the Honorable Joan E. DuBuque, concluded it was established by the State that Petitioner "had two prior convictions, and that they ... qualify under the Persistent Offender Act...."[7] The court then indicated its intention to impose sentence as follows:
In Count I, in accordance with the law, the Court is going to impose the sentence of life imprisonment, without the possibility of parole, or early release .... [and Petitioner] is to be given credit for time served of three hundred seventy days.[[8]]
Petitioner was previously convicted of second degree assault in Washington in 1979 and convicted of aggravated assault in Arizona in 1983. He served his sentences in those cases concurrently.[9] The trial court counted Petitioner's two prior convictions as "two strikes"[10] and this vehicular assault conviction as a "third strike" under the Persistent Offender Act. The court on February 18, 1997 signed a judgment and sentence finding that petitioner was a persistent offender and sentencing him to life in prison without early release.[11] Petitioner appealed the decision to the Court of Appeals, Division One, on February 21, 1997.[12]
Under the Persistent Offender Act, former RCW 9.94A.030(25) stated that an offense would be considered a "strike" only if it "would be included in the offender score under RCW 9.94A.360."[13] Petitioner claims this phrase refers to the entire statute, including former RCW 9.94A.360(6)(c), which contained language that "[i]n the case of multiple prior convictions committed before July 1, 1986, for the purpose of computing the offender score, [the sentencing court must] count all adult convictions served concurrently as one offense...."[14] Petitioner claims that since the sentences for his two prior felony convictions were served concurrently, they should only count as "one strike" under the Persistent Offender Act.[15] Respondent State of Washington asserts the phrase in the Act refers only to subsection (2), the "washout" provision of RCW 9.94A.360.[16] Respondent argues that Petitioner's two prior felony convictions should count as "two strikes," even though the sentences were served concurrently, because neither of them "washed out" under RCW 9.94A.360(2) which provides, in part, "Class A and sex prior felony convictions shall always be included in the offender score."[17]
On December 13, 1999, the Court of Appeals, the Honorable Ronald E. Cox writing, affirmed the trial court's decision and held "the phrase `included in the offender score under [former] RCW 9.94A.360' as used in former RCW 9.94A.030(25) refers specifically to the washout provisions set forth in former *1034 RCW 9.94A.360(2)"[18] and that "[t]he phrase is not interchangeable with the provisions of former RCW 9.94A.360(6)(c)." The Court of Appeals agreed with the trial court and concluded Petitioner Keller's prior felony convictions counted as two strikes and that he was a persistent offender under the Persistent Offender Act.[19]
On December 30, 1999 Petitioner filed a motion for discretionary review in this court. On June 30, 2000, this court granted review limited to the persistent offender issue.[20]

DISCUSSION
Former RCW 9.94A.030(25) provided:
(25) "Persistent offender" is an offender who:
(a) Has been convicted in this state of any felony considered a most serious offense; and
(b) Has, before the commission of the offense under (a) of this subsection, been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses and would be included in the offender score under RCW 9.94A.360; provided that of the two or more previous convictions, at least one conviction must have occurred before the commission of any of the other most serious offenses for which the offender was previously convicted.[[21]]
Under RCW 9.94A.120(4) "[a] persistent offender shall be sentenced to a term of total confinement for life without the possibility of parole" unless sentenced to death under RCW 10.95.030.
Petitioner claims the phrase "would be included in the offender score under RCW 9.94A.360" applies to the entire Sentencing Reform Act of 1981, including former RCW 9.94A.360(6)(c), which read:[22]
In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense, and count all juvenile convictions entered on the same date as one offense. Use the conviction for the offense that yields the highest offender score.
Petitioner claims that since the sentences under his two prior felony convictions were served concurrently and counted as only one conviction for the purpose of computing his offender score, under former RCW 9.94A.360(6)(c) those convictions should count only as one "strike" under the Persistent Offender Act.[23] Respondent argues the words "one offense" in subsection (c) refer to the "washout" provision of former RCW 9.94A.360(2).[24] Respondent reasons that Petitioner's two prior felony convictions, the sentences for which were served concurrently, should count as two "strikes" under the Persistent Offender Act unless they were "washed out" under subsection (2).[25]
The "wash out" portion of the offender score statute in former RCW 9.94A.360(2) and the out-of-state conviction section in (3) read:
(2) Except as provided in subsection (4) of this section, class A and sex prior felony convictions shall always be included in the offender score. Class B prior felony convictions other than sex offenses shall not be included in the offender score, if since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender *1035 had spent ten consecutive years in the community without being convicted of any felonies. Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without being convicted of any felonies. Serious traffic convictions shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender spent five years in the community without being convicted of any serious traffic or felony traffic offenses. This subsection applies to both adult and juvenile prior convictions.
(3) Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law.
The Court of Appeals affirmed the decision of the trial court, which concluded the "one offense" language in former RCW 9.94A.360(6)(c) refers only to the "wash out" provision of former RCW 9.94A.360 and sentenced Petitioner Keller to life in prison without the possibility of parole or early release.[26] The principal question to be determined by this court is whether the phrase "would be included in the offender score under 9.94A.360" refers to all other sections of the Sentencing Reform Act of 1981, chapter 9.94A RCW.
Statutory interpretation is a question of law, which this court reviews de novo.[27] Courts should assume the Legislature means exactly what it says.[28] Plain words do not require construction.[29] The courts do not engage in statutory interpretation of a statute that is not ambiguous.[30] If a statute is plain and unambiguous, its meaning must be derived from the wording of the statute itself.[31] A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable.[32] The courts are not "obliged to discern any ambiguity by imagining a variety of alternative interpretations."[33]
In this case the phrase "would be included in the offender score under RCW 9.94A.360" cannot reasonably be interpreted to mean anything but what it says. The phrase refers to the entire offender score statute, RCW 9.94A.360, and does not limit its application to one section or subsection.[34] In this case we must assume the Legislature meant exactly what it said.[35] We conclude the statute is not ambiguous.
When the language of a statute is clear and unambiguous the meaning is derived from the words of the statute itself.[36] When construing a statute we read the statute in its entirety.[37] "Each provision must *1036 be viewed in relation to other provisions and harmonized, if at all possible...."[38] Statutes must be construed so that all language is given effect with no portion rendered meaningless or superfluous.[39] The court must also avoid constructions "that yield unlikely, strange or absurd consequences."[40]
Respondent argues that Petitioner's proposed construction would lead to absurd results, rewarding offenders simply because they committed their second offense while on parole and served their sentences concurrently.[41] Respondent suggests Petitioner's interpretation would render RCW 9.94A.360(2) superfluous because class A and prior sex felony convictions would not under that circumstance be separately counted in the offender score if the sentences were served concurrently.[42]
Under Petitioner's interpretation, even sentences for two or more class A, including prior sex felonies, which were served concurrently would not be separately counted in the offender score. That interpretation is inconsistent with subsection (2) of RCW 9.94A.360 which states that "[c]lass A and sex prior felonies shall always be included in the offender score."[43] Petitioner's interpretation would render RCW 9.94A.360(2) meaningless or superfluous. The phrase "would be included in the offender score under RCW 9.94A.360" refers to the entire statute, RCW 9.94A.360. It does not apply only to subsection 6(c). We must construe the language to give meaning to the entire statute.[44]
Petitioner claims the Legislature intended the words "include" and "count" to have the same meaning because they have historically been used interchangeably and have similar definitions.[45] Respondent answers that the Legislature intentionally used different words in the statute and that it intended "include" and "count" to have different meanings.[46] The Court of Appeals reasoned it could be inferred that the words "include" and "count" were intended to have different meanings because they are two different words used in the same statute.[47] If the Legislature uses "specific language in one instance and dissimilar language in another, a difference in legislative intent may be inferred."[48] When the Legislature uses different words in the same statute, it usually means it intended the words to have different meanings. However, the courts must look at the entire statute and interpret the provisions to give meaning to all parts of it.[49] In reading the entire Sentencing Reform Act of 1981, chapter 0.94A RCW, we conclude the word "included" in RCW 9.94A.030(25)(b) and the word "count" in RCW 9.94A.360(6)(c) have different meanings.
Petitioner argues the Court of Appeals was in error in concluding his two prior felony convictions should be separately counted under the Persistent Offender Act because those convictions are counted as only one offense when calculating his offender score.[50] He cites State v. Cruz to support his assertion that the Persistent Offender Act was *1037 referring to the entire statute, including subsection (6)(c).[51]
In Cruz the court determined whether a rape conviction which was previously washed out could figure into the defendant's offender score when a statutory amendment was later adopted stating sex felonies could never wash out.[52] The court held the new statute applied prospectively only and did not revive the defendant's previously washed out conviction.[53] The court concluded defendant Cruz' criminal history did not include his prior conviction which had washed out,[54] stating that "a conviction for purposes of implementing the [Persistent Offender Act] must also be a conviction that forms part of the defendant's offender score."[55]
Petitioner's reliance on Cruz is misplaced. The court concluded Mr. Cruz' prior conviction washed out, was no longer part of his criminal history, and could not be included in his offender score.[56] It was thus not counted as a "strike" under the Persistent Offender Act.[57] The case did not involve concurrent sentences.
Petitioner cites State v. Morley in which the defendant was sentenced to life imprisonment under the Persistent Offender Act after pleading "guilty" to three counts of second degree child molestation counting as his third "strike."[58] He challenged his second offense, a military general court-martial in which he was found "guilty" of robbery and assault.[59] The court concluded the court-martial conviction should be included in the offender score and then decided it would count as a "strike" under the Persistent Offender Act.[60] The court declared four elements necessary for determining that a person is a persistent offender, the fourth element requiring that prior convictions "be included in the offender score under RCW 9.94A.360."[61] The court indicated that, to satisfy the fourth element, the conviction must be "comparable to a Washington offense and the conviction does not wash out."[62] The case did not involve concurrent sentences.
Petitioner also cites State v. Berry in which this court interpreted former RCW 9.94A.030(27)(a)(ii) (formerly subsection 25), under the Persistent Offender Act to determine whether the defendant's prior assault convictions would be considered "most serious offenses."[63] The court merely mentioned in a footnote that none of the defendant's prior convictions had washed out.[64] The case did not involve concurrent sentences.
Both Petitioner Keller and Respondent State filed supplemental briefs on September 6, 2000. The Washington Association of Criminal Defense Lawyers filed a brief amicus curiae on September 26, 2000. Respondent on September 29, 2000 filed a motion to strike pages 7 through 11 of Petititoner's supplemental brief. The motion was passed to the merits for consideration by the court at the time of oral argument.
Although full oral argument was allowed on all matters referred to in Petitioner's supplemental brief, we nevertheless grant Respondent's motion to strike pages 7 through 11 of Petitioner's supplemental brief relating to classification of Petitioner's 1983 conviction and sentence for aggravated assault under Arizona Revised Statute § 13-1204 *1038 as comparable to a "most serious offense," and consequently a "strike," under Washington's Persistent Offender Accountability Act.[65]
We are satisfied the trial court had before it sufficient certified documents (including the indictment, statement on plea of "guilty," judgment and sentence, and pre-sentence report) from the State of Arizona to establish that Petitioner entered pleas of "guilty" on March 9, 1983 to two counts of an indictment which charged in Count I that:
LAWRENCE JOHN KELLER, on or about the 1st day of MARCH, 1982, using a dangerous weapon or dangerous instrument, to-wit: a shotgun, intentionally placed ROBERT NEIL SNIDER in reasonable apprehension of imminent physical injury, in violation of A.R.S. §§ 13-1204(A)(2)(B), 13-1203(A)(2), 13-701, 13-702 and 13-801.[[66]]
The trial court during the sentencing hearing on February 18, 1997 concluded that Petitioner "had two prior convictions, and that they otherwise qualify under the Persistent Offender Act...." and specifically that the plea to aggravated assault "under Arizona law [was] equivalent ... to a Class C Felony, ... [which] makes it count" as a most serious offense under the Persistent Offender Act.[67]
Under RCW 9.94A.030(29), "most serious offense" means any of the specified felonies, including "[a]ssault in the second degree" under subsection (b) and "[v]ehicular assault" under subsection (q). Under RCW 9A.36.021(1)(c) "[a] person is guilty of assault in the second degree if [the person], under circumstances not amounting to assault in the first degree: .... [a]ssaults another with a deadly weapon;...."
We conclude the trial court properly determined Petitioner's 1983 Arizona conviction for assault, "using a dangerous weapon or dangerous instrument ... a shotgun, ... intentionally [placing] Robert Neil Snider in reasonable apprehension of imminent physical injury," was comparable to assault in the second degree under Washington law and counts as a "strike" under our Persistent Offender Act.
We agree with the Court of Appeals and affirm its conclusion upholding the decision of the King County Superior Court.

SUMMARY AND CONCLUSIONS
The interpretation of a statute is a matter of law. Courts do not engage in statutory construction of a statute that is not ambiguous. Where a statute is unambiguous, the meaning must be derived from the wording of the statute itself. A statute is ambiguous when it can reasonably be interpreted in two or more ways.
The Court of Appeals correctly concluded former RCW 9.94A.030(25) was not ambiguous. The phrase "included in the offender score under RCW 9.94A.360" stated in the Persistent Offender Act refers to the entire statute and cannot reasonably be interpreted to mean two different things. The statute is not ambiguous, and thus is not subject to the rule of strict construction.
We affirm the decision of the Court of Appeals, Division One, which affirmed the judgment of the King County Superior Court holding that Petitioner Lawrence John Keller's two prior felony convictions counted as two "strikes" under the Persistent Offender Accountability Act, although they counted only as one conviction in calculating his offender score, and sentenced him to life imprisonment without the possibility of parole.
IRELAND, BRIDGE, JJ., and GUY, J.P.T., and TALMADGE, J.P.T., concur.
ALEXANDER, C.J. (dissenting).
The Persistent Offender Accountability Act, commonly referred to as the "three strikes" law was passed by initiative and is subsumed within the Sentencing Reform Act of 1981(SRA). It requires every "persistent offender" to be sentenced to life imprisonment without the possibility of parole. RCW 9.94A.120(4). As the majority observes, a *1039 persistent offender is one who is convicted in this state of "any felony considered a most serious offense" and has, before the commission of the latest offense:
been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses and would be included in the offender score under RCW 9.94A.360; provided that of the two or more previous convictions, at least one conviction must have occurred before the commission of any of the other most serious offenses for which the offender was previously convicted.
RCW 9.94A.030(29)(a)(i), (ii) (emphasis added).
There is no dispute about the fact that Lawrence Keller's current conviction for vehicular assault, as well as his prior conviction in this state for second degree assault, are most serious offenses. I also agree with the majority that Keller's prior Arizona conviction qualifies as a most serious offense. I disagree, though, with the majority's conclusion that Keller falls within the definition of "persistent offender" on the basis that his prior convictions, both of which occurred before July 1, 1986, "would be included in the offender score under RCW 9.94A.360." RCW 9.94A.030(29)(a)(ii).
As the above definition of "persistent offender" indicates, RCW 9.94A.360 sets forth the rules for calculating the offender score for sentencing purposes. The Court of Appeals and the majority looked for language in that statute that echoed the "included in the offender score" language of RCW 9.94A.030(29)(a)(ii), finding it in subsection (2). In relevant part that subsection provides:
Class A and sex prior felony convictions shall always be included in the offender score. Class B prior felony convictions other than sex offenses shall not be included in the offender score, if since the last date of release from confinement ... pursuant to a felony conviction ... the offender had spent ten consecutive years in the community without committing any crime that subsequently results in a conviction. Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement ... pursuant to a felony conviction ... the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.
RCW 9.94A.360(2) (emphasis added).
Under case law, offenses which "shall not be included in the offender score" pursuant to the above provision are said to have "washed out." See State v. Cruz, 139 Wash.2d 186, 189, 985 P.2d 384 (1999). In the view of the Court of Appeals and the majority, this is the only provision to which the definition of "persistent offender" refers when it says that the defendant must have been convicted of two prison offenses that "would be included in the offender score." RCW 9.94A.030(29)(a)(ii). Since Keller did not remain crime-free long enough for his prior convictions to "washout" under RCW 9.94A.360(2), the Court of Appeals and the majority determined that his conviction would be "included" in his offender score and, therefore, count as two "strikes" against him under the "three strikes" law.
Keller argued at the Court of Appeals and here that his prior convictions are subject to another part of RCW 9.94A.360; specifically, subsection (5)(a)(ii). That provision states that "[i]n the case of multiple prior convictions for offenses committed before July 1, 1986, for purposes of computing the offender score, count all adult convictions served concurrently as one offense," using "the conviction for the offense that yields the highest offender score." (Emphasis added.) Keller reasons that because he committed his prior crimes before July 1, 1986, and served his sentences concurrently, those crimes "count" only as one for purposes of computing his offender score. He asserts, therefore, that only one crime is "included" in his offender score and he, therefore, has only one "strike."
The majority, like the Court of Appeals, has rejected Keller's argument. As noted above, it relies on the fact that only the washout provisions mirror the definition of *1040 "persistent offender" by using the phrase "included in the offender score," whereas RCW 9.94A.360(5)(a)(ii) says that concurrently served prior convictions shall "count" as one offense in computing the offender score. The majority reasons that "[w]hen the Legislature uses different words in the same statute, it usually means it intended the words to have different meanings." Majority at 1036. It concludes, therefore, that RCW 9.94A.030(29) unambiguously means that a prior conviction for a most serious offense is included in the offender score unless it is subject to the washout provisions in RCW 9.94A.360.
In concluding that the term "persistent offender" unambiguously refers only to the washout provisions, the majority is not swayed by the fact that the terms "count" and "include" have been used interchangeably by this court when discussing offender scores. See State v. Morley, 134 Wash.2d 588, 596, 952 P.2d 167 (1998). Furthermore, because it holds that the definition of "persistent offender" is unambiguous, it declines to give Keller the benefit of the rule of lenity.
The majority's decision is problematic and, as I indicated above, I disagree with it. On the last point mentioned above, it seems odd for the majority to devote significant space to analyzing legislative intent only to conclude that the statute is unambiguous. Also, the majority appears to have examined the intent behind the statute from the wrong perspective. The interpretation of the persistent offender statute is not a matter of gleaning the Legislature's intent. The so-called "three strikes" law was enacted by the people as an initiative. Thus, while the basic rules of construction are the same as those applicable to statutes passed by the Legislature, interpretation must focus on the collective intent of the voters. State v. Thorne, 129 Wash.2d 736, 763, 921 P.2d 514 (1996). Here the majority incorrectly analyzed the issue as a matter of what the Legislature likely had in mind when it enacted the statute.
Addressing myself to the merits, the interaction between the persistent offender statute and the offender score provisions of the SRA seems at least ambiguous. Unquestionably, any offense not "included in the offender score" under the washout provisions would not count as a "strike" under the persistent offender statute, since the definition of "persistent offender" uses precisely the same language. It is not entirely clear, however, that the voters intended that only the washout provisions would govern whether a prior offense is "included in the offender score." Although RCW 9.94A.360(5)(a)(ii) contains the word "count" instead of "included," it cannot be said that the context in which that term is used is so different as to give it an entirely different meaning. As noted above, RCW 9.94A.360(5)(a)(ii) provides that all adult convictions before July 1, 1986, that were served concurrently are to be treated as one offense "for the purpose of computing the offender score," with the offense that yields the highest score being the one the sentencing court must "use." If the sentencing court may "use" only one of the prior offenses computing the offender score, then it is reasonable to assume that offense is "included" in the offender score. The fact that the word "count" was used rather than "included" in RCW 9.94A.360(5)(a)(ii) may simply indicate that the drafters believed it to be the more appropriate term under the circumstances. It is difficult to divine from that difference in terms any particular intent on the voters' part with respect to the "three-strikes" law.
While one could argue that considering prior concurrently served crimes as one offense is not entirely consistent with the intent expressed in RCW 9.94A.392 to more severely punish repeat serious offenders, neither is the application of the washout provisions. Even under those provisions, a defendant with multiple prior Class B felonies will not have strikes if that defendant has been crime-free for 10 years.
The majority makes the point that Keller's position is inconsistent with the portion of RCW 9.92A.360(2) that provides that "Class A and sex prior felony convictions shall always be included in the offender score." It observes, in that regard, that under Keller's interpretation multiple Class A or sex offenses that were committed before July 1, 1986, and served concurrently, would be considered *1041 as only one offense. While this may be one reason for concluding that subsection (5)(a)(ii) was not meant to be used in defining what prior offenses count as strikes, it also underscores the ambiguity of the statute on this point.
In sum, it is my view that it is not at all clear that the definition of "persistent offender" refers to only the washout provisions of RCW 9.94A.360(2). It is well established that a statute is ambiguous if it can be reasonably interpreted in two or more ways. State v. Tili, 139 Wash.2d 107, 115, 985 P.2d 365 (1999). In my view, Keller has presented a reasonable argument that his two prior convictions are subject to the provisions of RCW 9.94A .360(5)(a)(ii) and, therefore, "count" as only one in computing his offender score. Particularly in light of the fact that a life sentence without the possibility of parole is at stake here, we should be free of doubt about the meaning of the statutes in question before we reject that argument. Because I am left with substantial doubt, I would resolve the ambiguity in favor of Keller per the rule of lenity.
SANDERS, JOHNSON, and MADSEN, JJ., concur.
NOTES
[1] State v. Keller, 98 Wash.App. 381, 990 P.2d 423 (1999).
[2] Id. at 390; former RCW 9.94A.030(25).
[3] The State of Washington originally charged Petitioner on December 21, 1994 with one count of vehicular assault under former RCW 46.61.522(1)(b) and with one count of assault in the fourth degree under former RCW 9A.36.041. Clerk's Papers at 1-2. The State amended the information on May 16, 1996 to charge Petitioner with hit and runfelony under former RCW 46.52.020 and assault in the second degree under former 9A.36.020(1)(f) instead of assault in the fourth degree. Clerk's Papers at 220-21.
[4] Clerks Papers at 254-55.
[5] Clerks Papers at 258.
[6] Clerk's Papers at 405.
[7] Report of Proceedings at 2821.
[8] Report of Proceedings at 2826.
[9] Clerk's Papers at 707.
[10] Id.
[11] Id. at 433.
[12] Clerk's Papers at 436.
[13] Former RCW 9.94A.030(25)(b) defined "Persistent offender" as one who: "Has, before the commission of the offense under (a) of this subsection, been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses and would be included in the offender score under RCW 9.94A .360...." The statute, in almost identical wording, is now codified as RCW 9.94A.030(29)(b)(ii).
[14] "Petition for Discretionary Review" at 7, 12. Former RCW 9.94A.360(6)(c) provided "In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense, and count all juvenile convictions entered on the same date as one offense. Use the conviction for the offense that yields the highest offender score." The statute, in identical wording, is now codified as RCW 9.94A.360(5)(a)(ii).
[15] Id. at 10.
[16] Supplemental Br. of Resp't at 5.
[17] Id.
[18] Keller, 98 Wash.App. at 390, 990 P.2d 423.
[19] Id.
[20] Review was granted only on the persistent offender issue discussed in the published portion of the Court of Appeals opinion.
[21] (Emphasis added.) Former RCW 9.94A.030(25) is now codified as RCW 9.94A.030(29)(6)(ii).
[22] Pet. for Discretionary Review at 7, 12 (emphasis added). Former RCW 9.94A.360(6)(c) is now codified as RCW 9.94A.360(5)(a)(ii).
[23] Id. at 7.
[24] The language in the current version of the statute is substantially identical to the language in the former version.
[25] Supplemental Br. of Resp't at 5.
[26] Keller, 98 Wash.App. at 390, 990 P.2d 423.
[27] W. Telepage, Inc. v. Tacoma Dep't of Financing, 140 Wash.2d 599, 607, 998 P.2d 884 (2000) (citing Enterp. Leasing, Inc. v. City of Tacoma 139 Wash.2d 546, 988 P.2d 961 (1999)).
[28] W. Telepage, 140 Wash.2d at 609, 998 P.2d 884 ( citing State v. McCraw, 127 Wash.2d 281, 288, 898 P.2d 838 (1995) (quoting Sidis v. Brodie/Dohrmann, Inc. 117 Wash.2d 325, 329, 815 P.2d 781 (1991))); State v. Smith, 117 Wash.2d 263, 271, 814 P.2d 652 (1991).
[29] Id.
[30] Davis v. Dep't of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999) (citing Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996)).
[31] State v. Tili, 139 Wash.2d 107, 115, 985 P.2d 365 (1999).
[32] Id.
[33] W. Telepage, 140 Wash.2d at 608, 998 P.2d 884.
[34] Id.
[35] Id.
[36] Tili, 139 Wash.2d at 115, 985 P.2d 365.
[37] In re Post Sentencing Review of Charles, 135 Wash.2d 239, 249, 955 P.2d 798 (1998); see State v. Thorne, 129 Wash.2d 736, 762-63, 921 P.2d 514 (1996).
[38] Thorne, 129 Wash.2d at 761, 921 P.2d 514; see State v. Young, 125 Wash.2d 688, 888 P.2d 142 (1995).
[39] Davis, 137 Wash.2d at 963, 977 P.2d 554 (citing Whatcom County, 128 Wash.2d at 546, 909 P.2d 1303 (citing Stone v. Chelan County Sheriff's Dep't, 110 Wash.2d 806, 810, 756 P.2d 736 (1988))).
[40] State v. Contreras, 124 Wash.2d 741, 747, 880 P.2d 1000 (1994) see Upjohn v. Russell, 33 Wash.App. 777, 780, 658 P.2d 27 (1983).
[41] Supplemental Br. of Resp't at 14. Petitioner was on parole in Washington when he was convicted in Arizona in 1983.
[42] Id. at 17.
[43] RCW 9.94A.360(2) (emphasis added).
[44] Davis, 137 Wash.2d at 963, 977 P.2d 554 (citing Whatcom County, 128 Wash.2d at 546, 909 P.2d 1303).
[45] Pet. for Discretionary Review at 10-11.
[46] Supplemental Br. of Resp't at 11-12.
[47] Keller, 98 Wash.App. at 387, 990 P.2d 423.
[48] In Personal Restraint of Sietz, 124 Wash.2d 645, 651, 880 P.2d 34 (1994).
[49] Id.
[50] Pet. for Discretionary Review at 10; State v. Cruz, 139 Wash.2d 186, 985 P.2d 384 (1999).
[51] Supplemental Br. of Pet'r at 19-20.
[52] Cruz, 139 Wash.2d at 189, 985 P.2d 384.
[53] Id. at 193, 985 P.2d 384.
[54] Id.
[55] Id. at 190, 985 P.2d 384.
[56] Id. at 193, 985 P.2d 384.
[57] Id.
[58] State v. Morley, 134 Wash.2d 588, 592, 952 P.2d 167 (1998).
[59] Id.
[60] Id. at 602, 952 P.2d 167.
[61] Id. at 604, 952 P.2d 167.
[62] Id.
[63] State v. Berry, 141 Wash.2d 121, 130, 5 P.3d 658 (2000).
[64] Id.
[65] Clerk's Papers at 703-59.
[66] Clerk's Papers at 719-21, 753.
[67] Report of Proceedings at 2821, 2825.