[No. 48933-0-I.   Division One.   September 16, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. DALE CRAMM, *Appellant*.

---

[10] *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

*Eric Broman* (of *Nielsen, Broman & Koch, P.L.L.C.*), for appellant.

*James H. Krider, Prosecuting Attorney*, and *George F.B. Appel II, Thomas M. Curtis*, and *Charles F. Blackman, Deputies*, for respondent.

PER CURIAM — Dale Cramm appeals the trial court's order of forfeiture of 11 guns, arguing that RCW 9.41.098(1)(d) permits forfeiture only if a firearm was used or displayed at the time the person committed or was arrested for commit-

ting any crime. Because the plain language of the statute unambiguously authorizes the trial court to order the forfeiture of firearms in the possession or control of a person at the time of commission of or arrest for a felony, even if it was not displayed or used at the time of commission of a crime, we affirm.

## FACTS

While investigating a homicide, police executed a search warrant at Dale Cramm's residence. They discovered marijuana, heroin, and psilocybin (hallucinogenic mushrooms) in Cramm's bedroom, as well as 11 firearms. After Cramm pleaded guilty to possession of marijuana with the intent to deliver and possession of psilocybin, the State moved for forfeiture of the guns pursuant to RCW 9.41.098. At a forfeiture hearing, Cramm asked the court to release to family members five guns having sentimental value and order the sale of the remaining guns. The trial court granted the State's motion for forfeiture and ordered the Snohomish County Sheriff to destroy all the guns. The written forfeiture order cites RCW 9.41.098(1)(c).

Cramm contends that the trial court erred by ordering the forfeiture pursuant to RCW 9.41.098(1)(c) when Cramm had no prior criminal convictions preventing him from possessing firearms at the time the police seized them. Cramm also argues that forfeiture would not have been proper pursuant to RCW 9.41.098(1)(d) because he did not use or display a firearm while he committed the drug crimes.

## DISCUSSION

According to RCW 9.41.098(1), courts may order forfeiture of a firearm proven to be:

(c) In the possession of a person prohibited from possessing the firearm under RCW 9.41.040 or 9.41.045; [or]

(d) In the possession or under the control of a person at the time the person committed or was arrested for committing a

felony or committing a nonfelony crime in which a firearm was used or displayed.

Although the order of forfeiture cites subsection (c), a review of the record indicates that the parties addressed only subsection (d) in their arguments to the trial court. In its memorandum submitted to the trial court, the State argued that the court could order forfeiture under RCW 9.41.098 because Cramm had possession or control over the firearms when he committed two felony drug crimes. Cramm's responsive memorandum expressly quotes subsection (d). He makes no reference to subsection (c). Based on this record, it is clear that the parties agreed that only subsection (d) was at issue and that the citation to subsection (c) in the forfeiture order was inadvertent.

Cramm also contends that RCW 9.41.098(1)(d) permits forfeiture only of firearms used or displayed while committing a crime. In particular, he argues that the phrase "in which a firearm was used or displayed" modifies the word "crime," which is described as either a felony or nonfelony. We disagree.

■ In interpreting a statute, this court assumes the legislature means exactly what it says. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). If the statute is clear on its face, its meaning is derived from the statutory language alone. An unambiguous statute is not subject to judicial construction. A statute is ambiguous if it can be reasonably interpreted in more than one way, but it is not ambiguous simply because different interpretations are conceivable. *Keller*, 143 Wn.2d at 276.

■ Cramm's interpretation of the statute is unreasonable. The language of subsection (d) is unambiguous. The phrase "in which a firearm was used or displayed" refers only to a "nonfelony crime." It is clear that the legislature intended to distinguish between felonies and nonfelonies by listing them in the disjunctive and adding a further condition for only nonfelony crimes. Subsection (d) clearly authorizes forfeiture of any firearms in the possession or control of a person at the time he or she commits or is arrested for

committing any felony. Therefore, the trial court had authority to order forfeiture of the guns found in Cramm's house at the time he possessed the drugs that led to his felony convictions.

Affirmed.