[No. 58825-7-I.   Division One.   June 18, 2007.]

EMILY LANE HOMEOWNERS ASSOCIATION, *Respondent*, v. COLONIAL DEVELOPMENT, LLC, *Petitioner*, THE ALMARK CORPORATION ET AL., *Respondents*.

*Eileen I. McKillop* (of *Oles Morrison Rinker & Baker, LLP*), for petitioner.

*Leonard D. Flanagan* and *Justin D. Sudweeks* (of *Levin & Stein*), for respondents.

*Bryan P. Harnetiaux* on behalf of Washington State Trial Lawyers Association Foundation, amicus curiae.

*Paul H. Beattie, Jr.*, and *Robert D. Welden* on behalf of Washington State Bar Association, amicus curiae.

¶1 GROSSE, J. — A 2006 amendment to the statutory framework of the Washington Limited Liability Company Act (LLCA)[1] providing a three-year survival period within which to commence actions against a member dissolved limited liability company (LLC) applies retroactively and permits actions against that LLC even if the LLC maintains it completed the winding up process and cancelled its certificate of formation. The trial court's ruling allowing Emily Lane Homeowners Association's claims to go forward was correct.

¶2 While the statute provides that no LLC member or manager will be personally liable *solely* by reason of being a member or manager, the use of the word solely indicates that a member or manager may be personally liable for LLC liabilities where such member's acts cause damages.

## FACTS

¶3 This case was certified for discretionary review by the trial court because it involved a controlling question of law: whether the 2006 amendment providing for a three-year survival period within which to commence actions against a member dissolved LLC is retroactive and applicable to a member dissolved LLC that has thereafter cancelled itself. This court has answered that question affirmatively in a case linked to this one, *Chadwick Farms Owners Ass'n v. FHC, LLC*.[2] There, we held the 2006 amendment to the LLCA to be retroactive.

■ ¶4 A commissioner of this court heard argument and, because the court already had cases pending with similar issues, accepted the trial court's certification pursuant to RAP 2.3(b)(4).[3] Emily Lane Homeowners Association

---

[1] Ch. 25.15 RCW.

[2] 139 Wn. App. 300, 160 P.3d 1061 (2007).

[3] This court has before it three cases dealing with limited liability companies and their capacity to sue or be sued under chapter 25.15 RCW. While *Chadwick* was pending, and after oral argument was scheduled in *Maple Court Seattle Condominium Ass'n v. Roosevelt, LLC*, 139 Wn. App. 257, 160 P.3d 1068 (2007), the Supreme Court issued its decision in *Ballard Square Condominium Owners Ass'n v. Dynasty Construction Co.*, 158 Wn.2d 603, 146 P.3d 914 (2007). This court stayed its

sought cross-review of the summary judgment dismissal of their claims against individual members and entities that formed the now-dissolved LLC, apparently on the grounds that they were immune from liability. In the interest of judicial economy, the commissioner also accepted review of that issue. This court determines the scope of discretionary review.[4]

¶5 Colonial Development, LLC, dissolved itself in December 2004 and two weeks later filed a certificate of cancellation. While there are factual disputes about who knew what when, it is undisputed that Emily Lane filed suit on July 19, 2005, seven months after Colonial filed a cancellation certificate and eight months after Colonial dissolved itself.

¶6 Emily Lane cross-appeals the trial court's summary judgment dismissal of its claims against individual members of the LLC.

## ANALYSIS

¶7 Our holding in *Chadwick* controls the result. An LLC can be dissolved in several ways.[5] In *Chadwick*, the LLC was administratively dissolved and cancelled. Here, Colonial dissolved itself and two weeks later cancelled itself. Because the 2006 amendment to the statute is retroactive, Emily Lane has three years from Colonial's dissolution to bring an action. We see no reason to treat a member dissolved and cancelled company differently than an administratively dissolved and cancelled company. Since Emily Lane brought the action within the statutory time allotted, the action is timely.

---

decision in *Roosevelt* and linked this case with *Chadwick* for purposes of oral argument and decision. The decisions in *Roosevelt* and *Chadwick* will be filed contemporaneously with this decision.

[4] RAP 2.3(e). Colonial filed several motions to exclude declarations, arguments, and authorities submitted by Emily Lane. Those motions are denied.

[5] RCW 25.15.270.

*Summary Judgment Dismissal of Claims*

¶8 The trial court granted Colonial summary judgment dismissing claims against individual members and managers of the LLC. Although the trial court did not state the basis for its dismissal of Emily Lane's claims against the individual members, Colonial advanced the argument that the members were immune from liability as individuals.[6] Our review is limited solely to this issue. We do not reach the merits of the other claims asserted, nor do we decide whether dismissal was appropriate under all the facts. To the extent the trial court's summary judgment dismissed the claims against individual members of Colonial on the basis that the LLC structure provided immunity from liability, it was error. When Colonial dissolved, each of its members approved, ratified, and confirmed all the acts of the manager members.[7]

¶9 As noted in *Chadwick*, other provisions of the Act provide that it is only when the members carry out a *proper* dissolution in winding up the company that they are not personally liable. Thus, the converse would necessarily be true. That is, any person winding up an LLC's affairs who has not complied with RCW 25.15.300 may be personally liable to claimants. The members of Colonial may be liable for their failure to properly wind up the company.

¶10 The possibility of piercing the veil of an LLC (thus permitting personal liability of its members) was envisioned at the time the statute was enacted. Perceiving such an eventuality, the Washington State Trial Lawyers Association was instrumental in requiring that the LLCA provide a statutory vehicle for piercing the LLC veil. Because case law did not create such a vehicle, a section was added

---

[6] We note that Colonial's other arguments, such as insufficient evidence of fraud or abuse to pierce the corporate veil would not be grounds for dismissal as there are genuine disputes of material fact on these points. CR 56.

[7] Members signing the dissolution were Alfred J. Mus, Member and Chairman; Daniel J. Mus, Member and Secretary; Richard Wagner, Member; Mark Schmitz, Member; and Jeffrey Critchlow, Member.

to the legislation that permitted courts to consider factors and policies set forth in established case law with regard to piercing the corporate veil in the context of an LLC.[8]

¶11 Emily Lane alleges a litany of questionable activities upon the part of the members of Colonial, including whether or not members of Colonial appointed to the Emily Lane Homeowners Association Board failed to act in a timely manner to address the numerous warranty claims Emily Lane now asserts. In June 2005, Colonial's bookkeeper notified the insurance carrier of a possible claim against the LLC:

> The Notice of Claim to the insurance company may be a moot point. The LLC was dissolved effective 1/21/05 and therefore there is nothing to sue! We did not receive the Notice of Claim prior to the dissolution so we should be clear according to our attorney.
>
> Rejoice!
>
> Pat

Emily Lane argues that Colonial's aggressive pursuit of litigation after it was cancelled precludes Colonial from cloaking itself in the limited liability cloak afforded to it by the LLCA. Emily Lane provided this court with examples of letters, discovery, and affirmative defenses that Colonial pursued even while it was rejoicing over being clear of liability.

¶12 The record before us is complex. To the extent that the trial court denied Emily Lane's claims on the grounds that the individual members were necessarily immune from liability, the dismissal was in error.

■ ¶13 Colonial also assigns error to the trial court's refusal to dismiss the claims against it for breach of implied warranty of habitability, breach of fiduciary duty, violation of chapter 19.40 RCW, breach of the Condominium Act's[9]

---

[8] RCW 25.15.060; Stewart M. Landefeld et al., Washington Corporate Law: Corporations and LLCs § 4.7, at 4.23 (3d ed. 2002).

[9] Ch. 64.34 RCW.

warranties of quality, misrepresentations in public offering statement, Consumer Protection Act[10] violations, fraudulent concealment, and negligent and fraudulent misrepresentation. Those issues were retained by the trial court and we will not consider them.

¶14 We hold the 2006 amendment to the LLCA is retroactive and permits the claims against Colonial to go forward. We remand for action consistent with this opinion and the holdings found in the linked cases of *Chadwick* and *Roosevelt*.

BAKER and ELLINGTON, JJ., concur.

Review granted at 163 Wn.2d 1022 (2008).