160 P.3d 1061 (2007)
CHADWICK FARMS OWNERS ASSOCIATION, a Washington nonprofit corporation, Appellant,
v.
FHC, LLC, a Washington limited liability company, Respondent/Cross-Appellant,
v.
America 1st Roofing & Builders, Inc., a Washington corporation; Cascade Utilities, Inc., a Washington corporation; Milbrandt Architects, Inc., P.S., a Washington corporation; Pieroni Enterprise, Inc., d/b/a Pieroni's Landscape Construction, a Washington corporation; Tight is Right Construction, a Washington corporation; Gutter King, Inc., a Washington corporation, Third Party Defendants/Cross-Respondents.
No. 58796-0-I.
Court of Appeals of Washington, Division 1.
June 18, 2007.
*1062 Bryan Patrick Harnetiaux, Spokane, WA, for Amicus Curiae on behalf of Washington Defense Trial Lawyers.
Paul Hamilton Beattie, Jr., Robert Dean Welden, Seattle, WA, for Amicus Curiae on behalf of WA State Bar Assoc.
Mary H. Spillane, John Phillip Evans, Seattle, WA, for Chadwick Farms.
Robert Scott Fallon, Seattle, WA, for America 1st Roofing and Builders, Inc.
Jonathan Dirk Holt, Scheer & Zehnder LLP, Seattle, WA, for Cascade Utilities.
John Patrick Hayes, Viivi Vanderslice, Seattle, WA, for FHC LLC.
David Jesse Bierman, Alexander & Bierman, Seattle, WA, for Gutter King.
Martin T. Crowder, Michaelanne Ehrenberg, Seattle, WA, for Milbrandt Architects Inc.
William Scott Clement, John E. Drotz, Seattle, WA, for Pieroni Enterprise, Inc. Pieroni Landscape.
GROSSE, J.
¶ 1 A 2006 amendment to the statutory framework to limited liability companies providing a three-year survival period within which to commence actions against a dissolved limited liability company (LLC), applies retroactively and permits actions against an LLC even when that company's certificate of formation has been cancelled. The amendment only applies to actions against the company and not to actions brought by a company. Thus, FHC, a dissolved and cancelled LLC, lacks standing to prosecute a claim for its own benefit.[1]

*1063 FACTS
¶ 2 FHC was formed as a limited liability company on December 23, 1999. Its purpose was to construct the Chadwick Farms condominiums. Once the project was completed, FHC ceased operations. The company did not submit the required annual report and renewal fee to the secretary of state. After providing the required notice to the company, the secretary issued a Certificate of Administrative Dissolution on March 24, 2003.
¶ 3 One August 18, 2004, Chadwick Farms Homeowners Association (Chadwick) brought suit against FHC alleging that it was responsible for a number of construction defects. Seven months later, on March 24, 2005, the secretary cancelled FHC's certificate of formation because two years had passed since the secretary issued the notice of dissolution to FHC.
¶ 4 In May 2005, FHC filed third party claims against several subcontractors. Yet, on August 24, 2005, FHC moved for summary judgment to dismiss Chadwick's claims on the grounds that FHC was no longer a legal entity. Chadwick moved to amend the complaint to include specific members of the LLC. The trial court granted summary judgment to FHC. For the same reasons, the trial court dismissed FHC's third party claims against the subcontractors. The trial court did not specifically address Chadwick's motion to amend the complaint.

ANALYSIS
¶ 5 The Washington Limited Liability Companies Act (LLCA)[2] governs the formation, operation, and dissolution of limited liability companies. Unlike the statutes governing business corporations, the LLCA did not provide for survival of a claim after the company's affairs wound up and a certificate of cancellation had been filed. The legislature recently amended the Act to provide for a three-year period after dissolution within which to commence actions against a dissolved limited liability company.[3]
¶ 6 In its amicus brief, the Washington State Bar Association (WSBA) summarizes the genesis of LLCs ably and succinctly as follows:
LLCs are recent legal constructs, with a majority of states having only enacted LLC legislation in the 1990s. Washington's Act took effect on October 1, 1994, and Washington case law construing the Act is sparse. "Since limited liability companies have only recently become popular, the law is still evolving." Unhelpfully, courts and scholars routinely comment that LLCs share some qualities of corporations and other qualities of partnerships; they cite by analogy to state corporation acts, to state partnership acts, or to the common law, often without meaningful explanation. From the WSBA's perspective, the only relatively sure footing here is the language of the Act itself. The LLC is a creature of statute, not of common law, and our courts of appeals are expert at construing statutes. That is the only way to unravel this puzzle, even if the solution is not fully satisfying.[[4]]
¶ 7 Although an LLC can be dissolved in several ways, only administrative dissolution is relevant here.[5] The secretary of state can administratively dissolve a limited liability company if the company fails to pay its license fees or fails to file its required annual reports.[6] Once the secretary gives notice that administrative dissolution is pending, the company has 60 days to correct the grounds for dissolution, and, if it fails to do so, the company is dissolved.[7] Then, if the company does not apply for reinstatement within two years of the administrative dissolution, the secretary of state "shall" cancel the certificate of formation.[8] Once cancelled, *1064 an LLC is no longer a separate legal entity.[9] That is what occurred here.
2006 Amendment of RCW 25.15.303
¶ 8 Effective May 6, 2006, the legislature amended the Act[10] by adding the following section:
The dissolution of a limited liability company does not take away or impair any remedy available against that limited liability company, its managers, or its members for any right or claim existing, or any liability incurred at any time, whether prior to or after dissolution, unless an action or other proceeding thereon is not commenced within three years after the effective date of dissolution. Such an action or proceeding against the limited liability company may be defended by the limited liability company in its own name.
Statutory amendments are generally prospective, but can act retroactively if the legislature so intended or the amendment is remedial or curative.[11] This provision was enacted at the same time as a similar amendment to the Business Corporation Act (BCA).[12] That amendatory Act provides a maximum three-year survival period for claims against business corporations.[13] The legislative histories of both survival statutes indicate that these amendments were passed to address the result of this court's opinion in Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co.[14] In Ballard Square, this court held that absent a survival statute claims against a corporation arising after the dissolution of the corporation abate.[15]
¶ 9 In its decision in Ballard Square, the Supreme Court affirmed this court's ruling, but on different grounds.[16] The court held that at the time the homeowners commenced their suit, claims brought after dissolution could be brought against a dissolved corporation, subject to the time limitations contained in any applicable statute of limitations. However, the legislature amended the BCA in 2006 requiring that actions be brought against the corporation within two years of its dissolution. That amendment was found to be retroactive, precluding the Ballard Square Homeowners Association from bringing an action.
¶ 10 The amendment in Ballard Square is analogous to the statutory amendment to the LLCA. The statutes were sponsored by the same legislators and were enacted in tandem. Indeed, the statutes were signed into law and became effective on the same day.[17] Additionally, the legislature enacted both statutes in reaction to the Court of Appeals decision in Ballard Square.[18]
*1065 ¶ 11 The provision here is remedial and curative. There is no basis to distinguish the remedial and curative nature of this provision from the similar provision in the BCA. Like the BCA amendment, the purpose of the LLCA amendment was to provide for survival of claims after a company dissolves. The House Bill Report shows that the legislature identified the problem:
The law governing LLCs has no express provision regarding the preservation of remedies or causes of actions following dissolution of the business entity. There is an implicit recognition of the preservation of at least an already filed claim during the wind up period following dissolution, since the person winding up the affairs is authorized to defend suits against the LLC. However, there is no provision regarding the preservation of claims following cancellation of the certificate of formation.[[19]]
¶ 12 The testimony adduced in support of the bill indicated that its raison d'etre was to address the result reached in this court's Ballard Square decision that left homeowners without a remedy for claims against a dissolved corporation. In the plain language of the statute, the amendment was passed to address the survival of claims following dissolution.[20] As seen in the legislative history, the amendment was also crafted to remove any incentive for LLCs to dissolve immediately after a project simply to cut off claims prematurely. And finally, the bill relates to remedies by reviewing the brief description contained in SB 6531"[p]reserving remedies when limited liability companies dissolve."[21] As noted in In re Personal Restraint of Matteson:[22]
"`When an amendment clarifies existing law and where that amendment does not contravene previous constructions of the law, the amendment may be deemed curative, remedial and retroactive. This is particularly so where an amendment is enacted during a controversy regarding the meaning of the law.'"
The Supreme Court's analysis is directly applicable. The 2006 amendment is retroactive.
¶ 13 FHC argues that even if the 2006 amendment is retroactive, it is irrelevant as the provision does not deal with claims against a cancelled company. FHC argues that its certificate was cancelled by operation of law and at that point the company ceased to exist as a separate legal entity. Thus, FHC contends, Chadwick's claims against it abated as there is no provision to continue an action against a cancelled limited liability company.
¶ 14 FHC relies upon RCW 25.15.070(2)(c):[23]
A limited liability company formed under this chapter shall be a separate legal entity, the existence of which as a separate legal entity shall continue until cancellation of the limited liability company's certificate of formation.

And to further support its argument, FHC relies upon the winding up provisions in the Act.[24]
¶ 15 A company that has been dissolved and is winding up is required to make reasonable provision to pay all known claims and obligations.[25] Upon dissolution of an LLC and until the filing of a certificate of cancellation as provided in RCW 25.15.080, the persons winding up an LLC may, in the name of, and for and on behalf of, the limited liability company, prosecute and defend *1066 suits.[26] And, until a certificate of cancellation has been filed, the persons winding up the company's business may "make reasonable provision for the limited liability company's liabilities."[27]
¶ 16 FHC's argument continues. RCW 25.15.300(2) provides that claims accruing after a limited liability company dissolves and begins to wind up its affairs must be provided for if known by the company. But, once the certificate of formation has been cancelled, the company is no longer a legal entity. Generally then, persons winding up a company's affairs would not file a certificate of cancellation until the company's affairs were provided for, since persons winding up a company's affairs are not personally liable to claimants if they make provisions for the company's known liabilities during dissolution. See RCW 25.15.300(2) (members are not personally liable for any unresolved claims if they've complied with the directives contained there). While we can agree with this to some extent, it certainly does not encompass what transpired here or in similar cases now pending in this court. Here, there was no winding up. The cancellation was administrative.
¶ 17 We do, however, believe that the survival provision at issue applies to dissolved LLCs whether or not a certificate of cancellation was issued pursuant to RCW 25.15.080. To hold otherwise would render the 2006 amendment inoperative as it would link the survival of claims not to a specific survival period, but rather to the actions or, as in this case, non-action of a company.[28] The legislature's purpose in enacting the survival provision was to provide remedies for parties injured by acts of a limited liability company and to provide an incentive for the limited liability company to act in good faith. The plain language of the statute provides that an action may lie for three years after a company is dissolved. Here, it was non-action by the LLC that resulted in cancellation. Addressing similar arguments in Ballard Square, the Supreme Court found that the survival statute existed "apart from the winding up process."[29]
¶ 18 And, while we are mindful of the differences between relevant provisions of the BCA and the LLCA, particularly the two-step process of dissolution followed by cancellation in the latter, we cannot think the legislature was anything more than inartful in choosing the term dissolution as the reference for its remedial measure in 2006. To construe the 2006 amendment otherwise would nullify its stated purpose and put the legislature in the position of having enacted a largely useless statute since a dissolved LLC *1067 could in the process of winding up, sue and defend before the amendment.
¶ 19 Thus, we hold that Chadwick had three years within which to bring its cause of action.
FHC Claims Against its Subcontractors
¶ 20 FHC filed third party complaints against its subcontractors after it was administratively dissolved and cancelled. The 2006 amendment for survival of claims only applies to actions which are brought against a company. FHC's failure to reinstate itself is fatal to its pursuit of any claim against the subcontractors. Once the secretary of state cancelled FHC's certificate of formation, FHC lacks standing to prosecute claims against the subcontractors. The Act mandates an administratively dissolved corporation to wind up its affairs by "[t]he expiration of two years after the effective date of dissolution under RCW 25.15.285 without the reinstatement of the limited liability company."[30]
¶ 21 Chadwick filed its claim against FHC some seven months before the secretary of state cancelled FHC's certificate of formation. FHC could have at any time during those seven months reinstated itself to permit it to properly pursue the winding up process. It failed to do so.
Amended Complaint
¶ 22 The trial court did not rule on Chadwick's motion to amend its complaint to include a company member and manager as defendants for their failure to properly wind up FHC's affairs. Leave to amend a pleading should be "freely given when justice so requires."[31] This rule serves to "facilitate proper decisions on the merits, to provide parties with adequate notice of the basis for claims and defenses asserted against them, and to allow amendment of the pleadings except where amendment would result in prejudice to the opposing party."[32] Chadwick alleges that the duty to properly wind up the company's affairs is required by statute:
[RCW] 25.15.300 Distribution of assets
(1) Upon the winding up of a limited liability company, the assets shall be distributed as follows:
(a) To creditors, including members and managers who are creditors, to the extent otherwise permitted by law, in satisfaction of liabilities of the limited liability company (whether by payment or the making of reasonable provision for payment thereof) other than liabilities for which reasonable provision for payment has been made and liabilities for distributions to members under RCW 25.15.215 or 25.15.230;
(b) Unless otherwise provided in a limited liability company agreement, to members and former members in satisfaction of liabilities for distributions under RCW 25.15.215 or 25.15.230; and
(c) Unless otherwise provided in a limited liability company agreement, to members first for the return of their contributions and second respecting their limited liability company interests, in the proportions in which the members share in distributions.
(2) A limited liability company which has dissolved shall pay or make reasonable provision to pay all claims and obligations, including all contingent, conditional, or unmatured claims and obligations, known to the limited liability company and all claims and obligations which are known to the limited liability company but for which the identity of the claimant is unknown. If there are sufficient assets, such claims and obligations shall be paid in full and any such provision for payment made shall be made in full. If there are insufficient assets, such claims and obligations shall be paid or provided for according to their priority and, among claims and obligations of equal priority, ratably to the extent of *1068 assets available therefor. Unless otherwise provided in a limited liability company agreement, any remaining assets shall be distributed as provided in this chapter. Any person winding up a limited liability company's affairs who has complied with this section is not personally liable to the claimants of the dissolved limited liability company by reason of such person's actions in winding up the limited liability company.
Chadwick argues that implicit in this proviso is the converse proposition. That is, any person winding up a limited liability company's affairs who has not complied with RCW 25.15.300 is personally liable to the claimants. We agree that this could be the case, depending on a full examination of the facts.
¶ 23 While cancellation marks the end of a limited liability company as a separate legal entity, it does not necessarily follow that claims against the LLC or its managers or members also abate.[33] Chadwick should have been permitted to amend its complaint. Thus, the trial court's failure to do so was an abuse of its discretion.
¶ 24 The trial court is reversed in part and affirmed in part. We remand for further proceedings in accord with this decision.
WE CONCUR: ELLINGTON and BAKER, JJ.
NOTES
[1] This court has before it three cases dealing with limited liability companies and their capacity to sue or be sued under chapter 25.15 RCW. While this case was pending, and after oral argument in Roosevelt v. Grateful Siding, No. 56879-5-I, the Supreme Court issued its decision in Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co., 158 Wash.2d 603, 146 P.3d 914 (2006). This court stayed its decision in Roosevelt and linked this case with Emily Lane v. Colonial Development, No. 58825-7-I for purposes of oral argument and decision. The decisions in Roosevelt and Emily Lane will be filed contemporaneously with this decision.
[2] Ch. 25.15 RCW; Laws of 1994, ch. 211, § 101.
[3] RCW 25.15.303.
[4] Washington State Bar Association Amicus Brief at 6-7 (citations omitted) (emphasis in original).
[5] RCW 25.15.270.
[6] RCW 25.15.280.
[7] RCW 25.15.285(2).
[8] RCW 25.15.290(4) provides:

If an application for reinstatement is not made within the two-year period set forth in subsection (1) of this section, or if the application made within this period is not granted, the secretary of state shall cancel the limited liability company's certificate of formation.
(Emphasis added).
[9] RCW 25.15.070(2)(c) provides:

A limited liability company formed under this chapter shall be a separate legal entity, the existence of which as a separate legal entity shall continue until cancellation of the limited liability company's certificate of formation.
[10] RCW 25.15.303 (amended by Laws of 2006, ch. 325, § 1) (emphasis added).
[11] 1000 Virginia Ltd. P'ship v. Vertecs, 158 Wash.2d 566, 584, 146 P.3d 423 (2006) (citing McGee Guest Home, Inc. v. Department of Soc. & Health Servs., 142 Wash.2d 316, 324-25, 12 P.3d 144 (2000)).
[12] Ch. 23B.14 RCW; S.B. 6596, 59th Leg., Reg. Sess. (Wash.2006).
[13] RCW 23B.14.340 provides a two-year survival period for claims against a corporation dissolved prior to June 7, 2006, and a three-year period for claims against corporations dissolved on or after June 7, 2006.
[14] Ballard Square, 126 Wash.App. 285, 295, 296, 108 P.3d 818, review granted, 155 Wash.2d 1024, 126 P.3d 820 (2005).
[15] See H.B. *Rep.* on S.B. 6531, at 3, 59th Leg., Reg. Sess. (Wash.2006); H.B. *Rep.* on S.B. 6596, at 7, 59th Leg., Reg. Sess. (Wash.2006).
[16] Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co., 158 Wash.2d 603, 146 P.3d 914 (2006).
[17] H.B. *Rep.* on S.B. 6531, at 3, 59th Leg., Reg. Sess. (Wash.2006); H.B. *Rep.* on S.B. 6596, at 7, 59th Leg., Reg. Sess. (Wash.2006).
[18] The presumption that a statute applies prospectively is overcome when it is remedial in nature or the legislature provides for retroactive application. A remedial statute is one which relates to practice, procedures and remedies and can be applied retroactively if it does not affect a substantive or vested right. American Discount Corp. v. Shepherd, 160 Wash.2d 93, 99, 156 P.3d 858, 860 (2007) (citing State v. McClendon, 131 Wash.2d 853, 861, 935 P.2d 1334 (1997)).
[19] H.B. *Rep.* on S.B. 6531, at 2, 59th Leg., Reg. Sess. (Wash.2006).
[20] S.B. 6531, at 3, 59th Leg., Reg. Sess. (Wash. 2006).
[21] S.B. 6531, 59th Leg. Reg. Sess. (Wash.2006).
[22] Matteson, 142 Wash.2d 298, 308, 12 P.3d 585 (2000) (quoting Tomlinson v. Clarke, 118 Wash.2d 498, 510-11, 825 P.2d 706 (1992)).
[23] (Emphasis added).
[24] See discussion contained in Roosevelt v. Grateful Siding, ___ Wash.App. ___, 160 P.3d 1068, 2007 WL 1732904 (June 18, 2007) regarding the statute's winding up process.
[25] RCW 25.15.300(2).
[26] RCW 25.15.295(2).
[27] RCW 25.15.295 provides:

(1) Unless otherwise provided in a limited liability company agreement, a manager who has not wrongfully dissolved a limited liability company or, if none, the members or a person approved by the members or, if there is more than one class or group of members, then by each class or group of members, in either case, by members contributing, or required to contribute, more than fifty percent of the agreed value (as stated in the records of the limited liability company required to be kept pursuant to RCW 25.15.135) of the contributions made, or required to be made, by all members, or by the members in each class or group, as appropriate, may wind up the limited liability company's affairs. The superior courts, upon cause shown, may wind up the limited liability company's affairs upon application of any member or manager, his or her legal representative or assignee, and in connection therewith, may appoint a receiver.
(2) Upon dissolution of a limited liability company and until the filing of a certificate of cancellation as provided in RCW 25.15.080, the persons winding up the limited liability company's affairs may, in the name of, and for and on behalf of, the limited liability company, prosecute and defend suits, whether civil, criminal, or administrative, gradually settle and close the limited liability company's business, dispose of and convey the limited liability company's property, discharge or make reasonable provision for the limited liability company's liabilities, and distribute to the members any remaining assets of the limited liability company.
[28] See Emily Lane Homeowners Association v. Colonial Development, L.L.C., ___ Wash.App. ___, 160 P.3d 1073, 2007 WL 1732900 (2007) (where similar result was reached by this court where the members dissolve and cancel the LLC).
[29] Ballard Square, 158 Wash.2d at 609, 146 P.3d 914.
[30] RCW 25.15.270(6).
[31] CR 15(a).
[32] Wilson v. Horsley, 137 Wash.2d 500, 505, 974 P.2d 316 (1999).
[33] For example, when a merger involving a limited liability company occurs, RCW 25.15.410(1)(a)(d) provides that any pending action against the merged entity may be "continued as if the merger did not occur. . . ." This is true even though the "separate existence of [a merged LLC] ceases." RCW 25.15.410(1)(a). Such provisions would be meaningless if cancellation abated pending claims.