178 P.3d 1059 (2008)
SERRANO ON CALIFORNIA CONDOMINIUM HOMEOWNERS ASSOCIATION, a Washington nonprofit corporation, Plaintiff,
v.
FIRST PACIFIC DEVELOPMENT, LTD., a Washington corporation; Queentech USA, Inc., a Washington corporation; Seas & Lakes, Inc., a Washington corporation, Defendants.
Seas & Lakes, Inc., a Washington corporation; and Queentech USA, Inc., a Washington corporation, Third-Party Plaintiffs,
v.
First Pacific Development, Limited, a Washington corporation; Clear Brook Construction Limited, a Washington corporation; John R. Sugden, an individual, Third-Party Defendants.
Clear Brook Construction Limited, a Washington corporation, Respondent,
v.
Ava Siding, LLC, a Washington limited liability company; Anatolia Gerasimyuk and Vladimir I. Lats, dba Ava Siding, a Washington partnership; Western Caulking, Inc., a Washington corporation; D & D, Inc., a Washington corporation, and Fourth-Party Defendants,
Belltown Waterproofing, LLC, a Washington limited liability company, and Appellant,
Dina Helm and Richard Helm dba Helm Tile, a Washington sole proprietorship; Living Homes Construction, Inc., a Washington corporation; Rail Works, Inc., a Washington corporation; Total Window & More, LLC., a Washington limited liability company; J & M Steel Erection, LLC., a Washington limited liability company; Brace Point Construction Services, Inc., a Washington corporation; Economy Wiring, Inc., a Washington corporation; Wizard Electric Company, Inc., dba Wizard Electric, Inc., a Washington corporation, Fourth-Party Defendants.
No. 59998-4-I.
Court of Appeals of Washington, Division 1.
March 17, 2008.
*1060 Earl Maier Sutherland, Reed McClure, Seattle, WA, for Appellant.
Dina J. Wong, Barker Martin P.S., Seattle, WA, for Respondent.
LAU, J.
¶ 1 This construction defect case presents a single question regarding the Washington Limited Liability Company Act (LLCA): What is the meaning of "effective date of dissolution" in RCW 25.15.303? The parties agree that the answer to this question will determine if Clear Brook Construction Limited's lawsuit against Belltown Waterproofing, LLC, is barred by the statute of limitations. We conclude that the effective date of dissolution is the date of administrative dissolution because this interpretation is consistent with other statutes in the Act that use the phrase "effective date of dissolution." Accordingly, we reverse because Clear Brook's lawsuit against Belltown was commenced more than three years after the date of Belltown's administrative dissolution and is therefore barred by the statute of limitations.

FACTS
¶ 2 The homeowners association of the Serrano on California condominium project sued the developers, who brought third party complaints against the general contractor, Clear Brook. Clear Brook then brought a fourth party complaint against the subcontractors, including Belltown.
¶ 3 Clear Brook's action against Belltown was commenced on either December 4, 2006, or January 4, 2007. Regardless of which date is correct, the action was commenced over three years after the date of Belltown's administrative dissolution  August 25, 2003. Belltown moved for summary judgment of Clear Brook's claims based on the statute of limitations, arguing that Clear Brook had not commenced its lawsuit within three years after the effective date of dissolution. The trial court disagreed, denied the motion, and denied Belltown's motion for reconsideration. Belltown filed a notice of discretionary review and review was granted by a commissioner of this court.

ANALYSIS
¶ 4 The survival of claims statute in the Act, RCW 25.25.303, limits suits against dissolved LLCs to those "commenced within three years after the effective date of dissolution." The term "effective date of dissolution" is not defined in the Act. Belltown argues that the effective date of dissolution is the same as the date of its administrative dissolution, August 25, 2003, because this interpretation is consistent with the other statutes in the LLCA that use the phrase "effective date of dissolution." Therefore, Belltown argues, Clear Brook's claim is barred by the statute of limitations because it was commenced more than three years after this date.
¶ 5 Clear Brook contends that when an LLC is administratively dissolved, the effective date of dissolution is two years later. It explains that an LLC is "effectively dissolved" two years after the administrative dissolution date because at that point, the LLC's affairs are "wound up" under RCW 25.15.270 and its certificate of formation is cancelled under RCW 25.15.290(4). Br. of Resp't at 7. The phrase "effectively dissolved" does not appear anywhere in the statute. According to Clear Brook, after an LLC is effectively dissolved, the three-year statute of limitations in RCW 25.25.303 begins to run. This results in a five-year period from the date of an LLC's administrative dissolution in which the LLC may be sued. Under Clear Brook's interpretation, its claim *1061 was timely because it was commenced within five years of the date of Belltown's administrative dissolution.
¶ 6 We conclude that the effective date of dissolution is the same as the date of administrative dissolution. "Effective date of dissolution" appears in several related statutes, and those statutes make clear that the effective date of dissolution is the same date as an LLC's administrative dissolution. Clear Brook's lawsuit is barred by the statute of limitations because it was commenced over three years after the date of Belltown's administrative dissolution.
¶ 7 The appellate court engages in the same inquiry as the trial court when it reviews a summary judgment motion. Berrocal v. Fernandez, 155 Wash.2d 585, 590, 121 P.3d 82 (2005). Statutory interpretation is a question of law reviewed de novo. Berrocal, 155 Wash.2d at 590, 121 P.3d 82. In interpreting statutes, the appellate court looks first to the plain meaning of the statute. City of Lakewood v. Pierce County, 106 Wash.App. 63, 70, 23 P.3d 1 (2001). Statutes must be read as a whole and the language placed in the context of the overall statutory scheme. Subcontractors & Suppliers Collection Servs. v. McConnachie, 106 Wash.App. 738, 741, 24 P.3d 1112 (2001). "When the same words are used in related statutes, we must presume that the Legislature intended the words to have the same meaning." State v. Keller, 98 Wash.App. 381, 384, 990 P.2d 423 (1999).
¶ 8 Article 8 of the LLCA, RCW 25.15.270 to RCW 25.15.303, explains how LLCs dissolve. We must interpret RCW 25.15.303, which provides,
The dissolution of a limited liability company does not take away or impair any remedy available against that limited liability company, its managers, or its members for any right or claim existing, or any liability incurred at any time, whether prior to or after dissolution, unless an action or other proceeding thereon is not commenced within three years after the effective date of dissolution. Such an action or proceeding against the limited liability company may be defended by the limited liability company in its own name.
The phrase "effective date of dissolution" appears in other statutes in article 8.
¶ 9 The first statute to consider is RCW 25.15.270, which sets forth several ways that an LLC may dissolve. The parties agree that only subsection 6 is applicable to this case. "A limited liability company is dissolved and its affairs shall be wound up upon the first to occur of the following: . . . (6) The expiration of two years after the effective date of dissolution under RCW 25.15.285 without the reinstatement of the limited liability company." RCW 25.15.270(6) (emphasis added).
¶ 10 The referenced statute, RCW 25.15.285, describes how an LLC is administratively dissolved by the secretary of state and uses the phrase "effective date." It provides, in pertinent part,
(2) If the limited liability company does not correct each ground for dissolution or demonstrate to the reasonable satisfaction of the secretary of state that each ground determined by the secretary of state does not exist within sixty days after notice is sent, the limited liability company is thereupon dissolved. The secretary of state shall give the limited liability company written notice of the dissolution that recites the ground or grounds therefor and its effective date.

(Emphasis added.) Under this statute, the effective date of dissolution must be on the "written notice of dissolution" from the secretary of state. The parties agree that the secretary of state sent Belltown written notice of dissolution, stating that Belltown was "administratively dissolved as of August 25, 2003." Clerk's Papers at 55 ("Certificate of Administrative Dissolution").
¶ 11 The final statute that uses the term "effective date of dissolution" is RCW 25.15.290. That statute explains how an LLC may apply for reinstatement "within two years after the effective date of dissolution." RCW 25.15.290(1). The application for reinstatement must, among other requirements, "[r]ecite the name of the limited liability company and the effective date of its administrative dissolution." RCW 25.15.290(1)(a) (emphasis added). If the LLC *1062 does not apply for reinstatement within two years, "the secretary of state shall cancel the limited liability company's certificate of formation." RCW 25.15.290(4). Under this statute, the terms "effective date of dissolution" and "effective date of administrative dissolution" are the same.
¶ 12 When all of these statutes are read together, it becomes clear that the effective date of dissolution is the date on which the clock starts to run for certain events that will affect the LLC, including the three-year statute of limitations at issue in this case. RCW 25.15.270 provides that two years after the effective date of dissolution, an LLC is "dissolved" and its affairs are wound up. Under RCW 25.15.290(1), within "two years after the effective date of dissolution," an LLC may apply to the secretary of state for reinstatement. If it does not apply for reinstatement within two years, the secretary of state shall cancel its certificate of formation. And under RCW 25.15.303, any claims against an LLC must be commenced within three years of the effective date of dissolution. In addition to these statutes, RCW 25.15.285 states that the "effective date" of an LLC's dissolution is the date recited on the secretary of state's notice of administrative dissolution.
¶ 13 Clear Brook contends that the effective date of dissolution is the date on which the two-year winding up period ends since that is when an administratively dissolved LLC is effectively dissolved because its affairs are wound up and its certificate of formation is cancelled. For example, Clear Brook argues that "[s]ince an administratively dissolved limited liability company `continues its existence,'" because its affairs are not wound up, "it cannot be deemed effectively `dissolved.'" Br. of Resp't at 7 (quoting RCW 25.15.285(3)). Clear Brook's use of the term "effectively dissolved" obscures rather than clarifies the issue because that term is not used anywhere in the statute. Instead, the statutes use the term of art, "effective date of dissolution," and that term must be interpreted in the context of the overall statutory scheme.
¶ 14 Additionally, to adopt Clear Brook's position means that the effective date of dissolution referred to in RCW 25.15.303 (action against an LLC must be commenced within three years of the effective date of dissolution) occurs after the effective date of dissolution referred to in RCW 25.15.290 (administratively dissolved LLC may apply for reinstatement within two years of the effective date of dissolution). It also means that the statute of limitations for a company that is administratively dissolved is five years, whereas the statute of limitations for all other forms of dissolution is three years. But there is no apparent reason to treat an administratively dissolved company differently from one that is dissolved in some other manner. Emily Lane Homeowners Ass'n v. Colonial Dev., LLC, 139 Wash.App. 315, 318, 160 P.3d 1073 (2007). Finally, if the legislature had meant the effective date of dissolution to be the same as the administratively dissolved LLC's date of cancellation, it could have used the phrase "effective date of the certificate of cancellation" as it did elsewhere in the LLCA. See, e.g., RCW 25.15.080 ("A certificate of formation shall be cancelled upon the effective date of the certificate of cancellation. . . . ").
¶ 15 Both parties cite Maple Court Seattle Condo. Ass'n v. Roosevelt, LLC, 139 Wash. App. 257, 160 P.3d 1068 (2007), a recent LLC decision by this court. In that case, the secretary of state administratively dissolved Roosevelt, LLC, in 2002 and cancelled its certificate of formation two years later. After it was cancelled, Roosevelt attempted to recover settlement amounts from various subcontractors, but its lawsuits against the subcontractors were dismissed because Roosevelt was no longer a legal entity. On appeal, Roosevelt argued that it could still wind up its affairs after cancellation, but the court disagreed.
In order to adopt Roosevelt's position, we would have to ignore the plain language of the statute requiring that winding up an administratively dissolved company be completed within two years. . . .
Roosevelt was not without recourse. At any time within two years of the effective date of the dissolution, Roosevelt could have applied for reinstatement.
Maple Court, 139 Wash.App. at 263, 160 P.3d 1068 (emphasis added; citations omitted). *1063 This is consistent with Belltown's argument because it places the effective date of dissolution two years before the end of the winding up period, whereas Clear Brook argues that the effective date of dissolution comes at the end of the winding up period.
¶ 16 Clear Brook argues that another recent LLC decision by this court, Chadwick Farms Owners Ass'n v. FHC, LLC, 139 Wash.App. 300, 160 P.3d 1061 (2007), supports its position. In Chadwick Farms, the secretary of state issued a certificate of administrative dissolution for FHC, LLC, on March 24, 2003. On August 18, 2004, less than two years from the date of FHC's administrative dissolution and before its cancellation, Chadwick Farms brought suit against FHC for construction defects. Seven months later, on March 24, 2005, the secretary of state cancelled FHC's certificate of formation. On August 24, 2005, FHC moved for summary judgment to dismiss Chadwick Farms' claims on the ground that "FHC was no longer a legal entity." Chadwick Farms, 139 Wash.App. at 305, 160 P.3d 1061. The trial court granted FHC's motion.
¶ 17 This court reversed, rejecting FHC's argument that it could not be sued by Chadwick because it was no longer a legal entity. The court held that "Chadwick had three years within which to bring its cause of action." Chadwick Farms, 139 Wash.App. at 312, 160 P.3d 1061. It explained that "[t]he plain language of the statute provides that an action may lie for three years after a company is dissolved." Chadwick Farms, 139 Wash.App. at 311-12, 160 P.3d 1061. In the instant case, Clear Brook argues that "[a]lthough the Court did not specify that the Chadwick owners association had three years from the date of cancellation to bring suit, the Court's reasoning makes it clear that the survival of claims statute preserves claims following cancellation of the certificate of formation." Br. of Resp't at 11-12.
¶ 18 Chadwick Farms is not dispositive of this case because it did not address the meaning of "effective date of dissolution" under RCW 25.15.303. Chadwick Farms' claims against FHC were timely regardless of whether the effective date of dissolution is the date of administrative dissolution (Belltown's position) or the date of cancellation (Clear Brook's position) because Chadwick Farms commenced its action within three years of both dates. To the extent that Chadwick Farms seems to address the question of when the statute of limitations in RCW 25.15.303 begins to run, such language is dicta because it was not essential to the outcome of the case. See State v. Halgren, 137 Wash.2d 340, 347 n. 3, 971 P.2d 512 (1999) (language in an opinion considered "dicta as resolution of the case did not turn on the issue").
¶ 19 Chadwick Farms is also of limited assistance because it did not distinguish between "dissolution" and "effective date of dissolution." While it analyzed RCW 25.15.303, it was not required to decide the meaning of "effective date of dissolution" and, in fact, does not use that term. Instead, the opinion states that RCW 25.15.303 provides "a three-year period after dissolution within which to commence actions against a dissolved LLC." Chadwick Farms, 139 Wash. App. at 305, 160 P.3d 1061 (emphasis added). But the statute reads, "within three years after the effective date of dissolution." RCW 25.15.303 (emphasis added). This distinction was not important in Chadwick Farms, but it is critical in this case. As explained above, we must adopt the definition of "effective date of dissolution" that is most consistent with the other statutes in the LLCA that use the phrase.
¶ 20 Finally, Clear Brook argues that the statute is, at best, ambiguous, and therefore we must rely on legislative history. It notes that the purpose of the bill through which RCW 25.15.303 was enacted was to address preservation of claims following the cancellation of an LLC's certificate of formation. See H.R. Rep. Judiciary Committee Bill Analysis on SB 6531, at 2, 59th Leg., Reg. Sess. (Wash.2006) ("The law governing LLCs. . . ." contains "no provision regarding the preservation of claims following cancellation of the certificate of formation."). Clear Brook also quotes the House Bill Report.
[SB 6531] is a step in the right direction. It affirmatively states that claims, such as homeowners' warranty claims, will survive the dissolution of an LLC. Whether *1064 or not there are any assets to satisfy a claim is a separate problem that will have to be addressed later.
H.B. Rep. on S.B. 6531, at 2, 59th Leg., Reg. Sess. (Wash.2006).
¶ 21 Even assuming, without deciding, that we should consider legislative history in interpreting RCW 25.15.303, it provides little guidance because it does not define "effective date of dissolution." And Belltown's interpretation of RCW 25.15.303 is consistent with the legislature's intent because it allows claims against an administratively dissolved LLC for three years after the effective date of dissolution (the date of administrative dissolution) and one year after cancellation of the LLC's certificate of formation.
¶ 22 For the foregoing reasons, we reverse.
WE CONCUR: APPELWICK, C.J., and COX, J.