IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ADAM ZACKS and LYNN RESNICK-ZACKS, husband and wife, and the marital community thereof composed, | ) ) ) ) | No. 70322-6-I |
| | | DIVISION ONE |
| Appellants, | ) ) ) ) | |
| v. | ) ) | |
| ARDEN DRYWALL & TEXTURE, INC., a Washington corporation, | ) ) ) ) | UNPUBLISHED OPINION |
| Respondent, | ) ) | |
| RAINIER ROOFING & REMODELING, LLC, a Washington limited liability company; OSSES CONTRACTORS INC., a Washington corporation; SKYLINE WINDOWS, INC., a Washington corporation; and PANELMASTERS, LLC, a Washington limited liability company, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | FILED: August 4, 2014 |

SCHINDLER, J. — Adam Zacks and Lynn Resnick-Zacks (the Zackses) appeal summary judgment dismissal of claims against subcontractor Arden Drywall & Texture LLC (Arden). The Zackses contend the court erred in ruling that the lawsuit against Arden was time barred under former RCW 25.15.303 (2006). We reverse.

FACTS

In 2006, PB Elemental LLC designed a single-family residence to be built at 2441 Queen Anne Avenue North in Seattle. General contractor Lead Construction LLC hired a number of subcontractors, including Arden Drywall & Texture LLC, to build the residence. During the summer of 2006, Arden hung, taped, and primed the drywall of the interior walls and ceilings of the home.

In June 2010, Adam Zacks and Lynn Resnick-Zacks purchased the Queen Anne home. Shortly after purchasing the home, the Zackses discovered water damage.

On March 2, 2012, the Zackses filed a negligence lawsuit against Rainier Roofing & Remodeling LLC, PB Elemental, Lead Construction, and Christopher Pardo, the managing member of PB Elemental and Lead Construction. The Zackses alleged that after purchasing the house, they discovered water intrusion that damaged the roof, walls, and interior of the home because of latent defects. The Zackses alleged that PB Elemental negligently inspected the residence and failed to ensure proper construction, that Lead Construction failed to ensure that subcontractor Rainier Roofing installed the roof properly, that Rainier Roofing negligently installed the roof, and that Pardo failed to properly wind up the affairs of PB Elemental and Lead Construction.

Defendants PB Elemental, Lead Construction, and Pardo filed an answer and asserted third-party negligence and breach of contract claims against several subcontractors, including Exterior Stucco Inc., Osses Contractors Inc., Panelmasters LLC, and Skyline Windows Inc.

In August 2012, the Zackses reached a settlement agreement with PB Elemental, Lead Construction, and Pardo. In exchange for dismissal of the claims, PB Elemental, Lead Construction, and Pardo assigned to the Zackses all their rights at law and in contract against the third-party subcontractors, including subcontractor Arden and codefendant Rainier Roofing.[1]

The court granted the Zackses' motion to amend the complaint to name Arden as a defendant and assert breach of contract and negligence claims. On September 17, 2012, the Zackses filed the amended complaint naming Arden as a defendant. The amended complaint alleged breach of contract and negligence claims against Rainier Roofing, Osses Contractors, Skyline Windows, Panelmasters, and Arden. As to Arden, the Zackses alleged that Arden's negligence caused "significant damage to the Zacks Residence, resulting in water intrusion, potential life safety issues, as well as significant monetary damages."

Arden filed a motion for summary judgment dismissal. Arden asserted that because the secretary of state administratively dissolved Arden on September 2, 2008, the Zackses' claims were time barred under former RCW 25.15.303 (2006).[2] Former RCW 25.15.303 required that a lawsuit against an LLC be filed within three years of the effective date of dissolution.

In response, the Zackses argued that under the 2010 amendment of RCW 25.15.303, Arden had to file a certificate of dissolution to trigger the three-year statute of

---

[1] The other subcontractors were Osses Contractors, Exterior Stucco, Skyline Windows, and Panelmasters.

[2] Arden's motion for summary judgment stated four claims but the court only addressed the issue of RCW 25.15.303.

limitations.[3] The Zackses asserted that because Arden did not file a certificate of dissolution, the lawsuit was not barred. In reply, Arden argued that the 2010 amendment to RCW 25.15.303 did not apply retroactively to Arden.

The court granted Arden's motion for summary judgment dismissal of the Zackses' claims. The Zackses filed a motion for discretionary review. We granted the motion for discretionary review, ruling that under RAP 2.3(b)(2), "it was probable error for the trial court to dismiss Arden from the suit based on the 2006 version of the statute."

## ANALYSIS

The parties dispute whether the 2010 amendments to RCW 25.15.303 govern. The Zackses argue the court erred in granting summary judgment dismissal because Arden was subject to the 2010 amendments to RCW 25.15.303. RCW 25.15.303 requires LLCs to file a certificate of dissolution to trigger the three-year statute of limitations. Arden does not dispute that it did not file a certificate of dissolution. Arden argues the 2010 amendments do not apply retroactively and under the 2006 version of RCW 25.15.303, the Zackses' lawsuit was time barred. We agree with the Zackses.

We review summary judgment de novo, engaging in the same inquiry as the trial court. Lunsford v. Saberhagen Holdings, Inc., 166 Wn.2d 264, 270, 208 P.3d 1292 (2009). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. CR 56(c); Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990). Statutory interpretation is also a question of law that we

---

[3] See LAWS OF 2010, ch. 196. § 11.

review de novo. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our goal is to ascertain and give effect to the legislature's intent. Chadwick Farms Owners Ass'n v. FHC, LLC, 166 Wn.2d 178, 186, 207 P.3d 1251 (2009).

Under the Washington Limited Liability Company Act (Act), chapter 25.15 RCW, the secretary of state may administratively dissolve an LLC if it does not comply with certain statutory requirements. RCW 25.15.270; RCW 25.15.280.[4] However, an administrative dissolution does not terminate the existence of a limited liability company. Chadwick Farms, 166 Wn.2d at 188. An administratively dissolved LLC continues to exist for the purposes of winding up and liquidating its business and affairs. RCW 25.15.285(3); RCW 25.15.295(1). After dissolution, an LLC may prosecute and defend suits, dispose and convey the property of the LLC, make reasonable provisions for the liabilities of the LLC, and distribute remaining assets. RCW 25.15.295(2). Further, a dissolved LLC may apply for reinstatement and, if accepted, conduct business as if the dissolution never occurred. RCW 25.15.290.

Here, it is undisputed that on September 8, 2008, the secretary of state administratively dissolved Arden for failing to file the required annual report and failing to pay licensing fees.[5] Under former RCW 25.15.303, the "effective date of dissolution"

---

[4] Specifically, RCW 25.15.280 provides that the secretary of state may administratively dissolve an LLC if the LLC (1) fails to pay license fees or penalties, (2) fails to deliver an initial report or annual report, (3) fails to designate a registered agent or office, or (4) fails to notify the secretary of state of any changes to its registered agent or office.

[5] The "Certificate of Administrative Dissolution" states, in pertinent part:

In accordance with RCW 23B.14.210, the above corporation is hereby administratively dissolved as of September 02, 2008.

This action was taken due to the failure of the corporation to file an annual list of officers/license renewal within the time set forth by law.

is the date of the administrative dissolution. <u>Serrano on Cal. Condo. Homeowners Ass'n v. First Pac. Dev., Ltd.</u>, 143 Wn. App. 521, 525, 178 P.3d 1059 (2008). Former RCW 25.15.303 provided that a dissolved LLC remained subject to suit for three years after the effective date of dissolution. Former RCW 25.15.303 provided, in pertinent part:

> The dissolution of a limited liability company does not take away or impair any remedy available against that limited liability company, its managers, or its members for any right or claim existing, or any liability incurred at any time, whether prior to or after dissolution, <u>unless an action or other proceeding thereon is not commenced within three years after the effective date of dissolution</u>.[6]

In <u>Chadwick Farms</u>, the Washington Supreme Court held that an LLC can sue or be sued until the date of cancellation when it ceases to exist as a legal entity. <u>Chadwick Farms</u>, 166 Wn.2d at 191. The court specifically addressed the 2006 version of RCW 25.15.303 in reaching the conclusion that there is a clear distinction between "dissolution" and "cancellation." <u>Chadwick Farms</u>, 166 Wn.2d at 193-95. Whereas "[a] dissolved company still exists for the purpose of winding up, during which it can sue or be sued[,] once a limited liability company's certificate of formation is cancelled, it no longer exists as a separate legal entity for any purpose." <u>Chadwick Farms</u>, 166 Wn.2d at 194. Accordingly, the court concluded:

> On its face, and read in the context of the entire Act, RCW 25.15.303 means that an action against a limited liability company . . . must be brought within three years of dissolution, but an action against a limited liability company will abate upon cancellation.

<u>Chadwick Farms</u>, 166 Wn.2d at 195.

---

[6] Emphasis added.

In 2010, the legislature amended the Act to change the method by which a dissolved LLC can trigger the statute of limitations. LAWS OF 2010, ch. 196, § 11. The statute now requires a dissolved LLC, including an administratively dissolved LLC, to file a certificate of dissolution. RCW 25.15.303. As amended, RCW 25.15.303 states, in pertinent part:

> [T]he dissolution of a limited liability company does not take away or impair any remedy available to or against that limited liability company, its managers, or its members for any right or claim existing, or any liability incurred at any time, whether prior to or after dissolution, <u>unless the limited liability company has filed a certificate of dissolution</u> under RCW 25.15.273, that has not been revoked under RCW 25.15.293, <u>and an action or other proceeding thereon is not commenced within three years after the filing of the certificate of dissolution</u>.[7]

RCW 25.15.303 now provides that the three-year statute of limitations begins to run from the date of the "filing of the certificate of dissolution" instead of from the "effective date of dissolution" as stated under former RCW 25.15.303.

Under the 2006 version of RCW 25.15.303, when the secretary of state administratively dissolved Arden in 2008, the three-year statute of limitations period would have expired on September 2, 2011. But as the court held in <u>Chadwick Farms</u>, until the certificate of formation is canceled, a dissolved LLC continues to exist. <u>Chadwick Farms</u>, 166 Wn.2d at 191. There is no evidence that Arden's certificate of formation has ever been canceled.[8] Because Arden was still a legal entity in 2010, the

---

[7] Emphasis added.

[8] In 2009, the legislature amended the Act to extend the period of time an administratively dissolved LLC could apply for reinstatement from two years "after the effective date of dissolution" to five years, and to make cancellation automatic at the end of the period, relieving the secretary of state from taking action to cancel a certificate of formation. LAWS OF 2009, ch. 437, § 2; <u>see</u> former RCW 25.15.290(1), (4) (2009). The legislature amended RCW 25.15.290 again in 2010, deleting subsection (4) entirely that stated an administratively dissolved LLC's "certification of formation is deemed canceled" if "an application for reinstatement is not made within the five year period." LAWS OF 2010, ch. 196, § 7.

2010 amendments to RCW 25.15.303 applied to Arden as to any other legally recognized LLC.  Because Arden did not file a certificate of dissolution, the Zackses' 2012 lawsuit against Arden was not barred by the statute of limitations.[9]

We reverse.

WE CONCUR:

---

[9] Because Arden was still a legal entity at the time of the 2010 amendment, we need not address whether the amendment was retroactive.