Jeff Hall State Court Administrator Administrative Office of the Courts
1206 Quince Street SE Olympia, WA 98504-1170
Dear Administrator Hall:
By letter previously acknowledged, you have requested our opinion on the following question:
 Does the doubling of monetary penalties pursuant to RCW 46.61.440(3) apply to speeding in a school or playground crosswalk and speeding in a school or playground speed zone?
 BRIEF ANSWER
The doubling of monetary penalties applies to both speeding in a school or playground crosswalk (RCW 46.61.440(1)) and speeding in a school or playground speed zone (RCW 46.61.440(2)), pursuant to RCW 46.61.440(3). Although the doubling of monetary penalties in subsection RCW 46.61.440(3) refers to a "school or playground speed zone," review of the session law amending this statute to add subsection (2) shows that the phrase "school or playground speed zone" includes speed zones described in both subsections (1) and (2) of this statute.
 ANALYSIS
RCW 46.61.440 sets forth maximum speed limits when passing schools and playgrounds, and also provides that monetary penalties for violating certain speed restrictions are doubled. The sections of that statute relevant to your question are provided here:
[original page 2]
 (1) Subject to RCW 46.61.400(1), and except in those instances where a lower maximum lawful speed is provided by this chapter or otherwise, it shall be unlawful for the operator of any vehicle to operate the same at a speed in excess of twenty miles per hour when operating any vehicle upon a highway either inside or outside an incorporated city or town when passing any marked school or playground crosswalk when such marked crosswalk is fully posted with standard school speed limit signs or standard playground speed limit signs. The speed zone at the crosswalk shall extend three hundred feet in either direction from the marked crosswalk.
 (2) A county or incorporated city or town may create a school or playground speed zone on a highway bordering a marked school or playground, in which zone it is unlawful for a person to operate a vehicle at a speed in excess of twenty miles per hour. The school or playground speed zone may extend three hundred feet from the border of the school or playground property; however, the speed zone may only include area consistent with active school or playground use.
 (3) A person found to have committed any infraction relating to speed restrictions within a school or playground speed zone shall be assessed a monetary penalty equal to twice the penalty assessed under RCW 46.63.110. This penalty may not be waived, reduced, or suspended.
RCW 46.61.440(1)-(3).
Your question is one of statutory construction, and is thus governed by rules that courts apply in construing statutes. The fundamental object of statutory construction is to ascertain and carry out the legislature's intent. Dep't of Ecology v.Campbell Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Under applicable rules, if a statute's meaning is plain from the face of the statute, then effect must be given to its "plain meaning" as expressing the legislature's intent. Id. at 9-10. To determine whether the meaning of a statute is plain, one must consider the statutory scheme as a whole, including related statutes. Also, plain meaning is "derived from what the Legislature has said in its enactments, but that meaning is discerned from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question."Id. at 11. A plain reading of a statute also considers the "sequence of all statutes relating to the same subject matter."State v. Hirschfelder,170 Wn.2d 536, 545, 242 P.3d 876 (2010) (quoting Hallauer v.Spectrum Props., Inc., 143 Wn.2d 126, 146, 18 P.3d 540 (2001)).
If, after considering "all that the Legislature has said," the statute is not plain (but rather is ambiguous), then the court applies additional rules of statutory construction to resolve the ambiguity and determine what the statutory language means. Notably, however, a statute is not ambiguous merely because it is subject to more than one conceivable interpretation. Rather,
[original page 3]
ambiguity depends on the existence of more than one reasonable meaning. State v. Keller,143 Wn.2d 267, 276, 19 P.3d 1030 (2001).
The statute at issue creates speed zones within 300 feet of a marked school or playground crosswalk in subsection (1), and authorizes counties, cities, and towns to create a "school or playground speed zone" up to 300 feet from a school or playground in subsection (2). The difference between the speed zones in the two subsections is that the speed zone in subsection (1) extends from a crosswalk associated with a school or playground, whereas the speed zone in subsection (2) extends from the property boundary of the school or playground. Thus, subsection (2) authorizes local governments to create speed zones in areas not otherwise covered by subsection (1).
Subsection (3) provides for doubling of monetary penalties assessed for violations of speed restrictions in a "school or playground speed zone," which gives rise to your question regarding whether subsection (3) applies to violations of the speed zones in subsection (1), which extend from crosswalks near schools or playgrounds, and violations of the "school or playground speed zone" in subsection (2), which extends from the boundary location of such sites. In other words, did the legislature consider the speed zones within 300 feet of a marked school or playground crosswalk in subsection (1) to be a "school or playground speed zone"? The question arises due to the fact that the doubling provision in subsection (3) uses the full descriptive phrase "school or playground speed zone," which phrase is set out identically in subsection (2), but which exact phrase is not used in subsection (1).
We first note that the descriptive phrase "school or playground speed zone" is not defined by statute. Examining the sequence of amendments to the statute, however, discloses that the legislature intended the speed zones created in subsection (1) to be included in the phrase "school or playground speed zone" in subsection (3). The provision amending RCW 46.61.440 that doubled the monetary penalty for infractions related to a school or playground speed zone was enacted in 1996. Laws of 1996, ch. 114, § 1. Before that amendment, RCW 46.61.440 consisted solely of the language that is now codified in subsection (1). See Laws of 1996, ch. 114, § 1. Thus, when enacted in 1996, the provision doubling monetary penalties for speeding infractions in a "school or playground speed zone" necessarily applied to the speed zones created by subsection (1), because that was the only speed zone referenced in the statute to which the doubling provision could possibly apply. This outcome comports with a plain reading of the statute. Even though subsection (1) does not use the exact phrase "school or playground speed zone," the subsection creates speed zones associated with crosswalks for schools or playgrounds, so those speed zones thereby fall within the scope of the descriptive phrase "school or playground speed zone."
In 2003, the legislature amended the statute again, adding what is now subsection (2). Laws of 2003, ch. 192, § 1. The legislation renumbered what was then subsection (2) to subsection (3), but otherwise made no change to that subsection or to subsection (1). Laws of 2003, ch. 192, § 1. The Final Bill Report on the 2003 amendment explains that the existing law contained ambiguity about the ability of local authorities to create speed zones next to schools
[original page 4]
where marked crosswalks were not provided. The stated purpose of the new subsection (2) was to authorize local authorities to create a "school or playground speed zone" bordering marked schools or playgrounds, which zones can extend 300 feet from the property border. Final Bill Report on H.B. 1114, 58th Leg., Reg. Sess. (Wash 2003). There is no indication in the session law or the Final Bill Report that the legislature intended to alter the prior law by excluding the doubling of monetary penalties for violations in speed zones associated with school or playground crosswalks set out in subsection (1). Laws of 2003, ch. 192, § 1; Final Bill Report. Furthermore, it seems unlikely that the legislature intended to create additional protection for the additional zones authorized by the new subsection (2), while simultaneously withdrawing the additional protection from crosswalks and other zones already covered by subsection (1).
Given that the phrase "school or playground speed zone" in subsection (3) necessarily applied to the speed zones in subsection (1) prior to 2003, and given that the legislature did not change the substantive language in either of those subsections when it inserted subsection (2), we conclude the doubling of monetary penalties pursuant to RCW 46.61.440(3) applies to violations of speeding restrictions set forth in both RCW 46.61.440(1) and (2).
We considered, but rejected, an alternative construction of RCW 46.61.440 based on the maxim of construction that "[w]hen the legislature uses two different terms in the same statute, courts presume the legislature intends the terms to have different meanings." Densley v. Dep't of Ret. Sys.,162 Wn.2d 210, 219, 173 P.3d 885 (2007). Primarily, we rejected this approach because the descriptive phrase "school or playground speed zone" is broad enough to encompass the speed zones from subsections (1) and (2). And while the term "school or playground speed zone" is specifically used in subsection (2), the legislature does not give a different name to the zones described in subsection (1). Thus, the statute does not use two different "terms" such that the maxim would apply. Furthermore, the sequence of legislative actions that produced the statute described above shows that the legislature did not use the term "school or playground speed zone" as a term of art, since upon its addition to the statute in 1996 that phrase was not used anywhere else in the statute. We think the better reading is that the legislature was aware that the zones described in subsection (1) already met the definition of "school or playground speed zone" and intended, by adding subsection (2), to extend this definition to additional areas.
We trust that the foregoing will be useful to you.
ROBERT M. MCKENNA Attorney General
PETER B. GONICK Deputy Solicitor General
wros