[No. 44889-7-I. Division One. August 28, 2000.]

FREDERICK H. OCKERMAN, *Respondent*, v. KING COUNTY DEPARTMENT OF DEVELOPMENTAL AND ENVIRONMENTAL SERVICES, *Appellant*.

---

*Norm Maleng, Prosecuting Attorney*, and *Oma L. Lamothe, Deputy*, for appellant.

*Frederick H. Ockerman*, pro se.

Cox, J. — At issue is whether the public records portion of the public disclosure act[1] requires an agency to provide an explanation of its estimate of time to respond to a records request where the records are not provided within five days of the request. We must also decide whether the manner of providing the records in this case violated the statute.

We hold that RCW 42.17.320 does not require an agency to provide a written explanation of its reasonable estimate of time when it does not provide the records within five days of the request. We also hold that the manner of providing the records in this case was consistent with the requirements of the statute. Accordingly, we reverse the judgment of the trial court.

In April 1999, Finn Hill Residents for Reasonable Development (FHRRD), an unincorporated neighborhood association, sued the King County Department of Development and Environmental Services (DDES). The lawsuit challenged the granting of a building permit to construct a large house in Finn Hill that many residents of that neighborhood opposed.

Ten days after FHRRD commenced its action against DDES, Frederick Ockerman, a FHRRD member, made a written public records request to DDES. He sought "[a]ny

---

[1] RCW 42.17.320.

and all documents contained in building permit file #B-98R0878 that were generated after March 25, 1999" and "[a]ny and all voice mail and e-mail messages" relating to the permit or the property for which the permit was granted. The letter also stated, "Finally, if some portions of this request require a delay, please allow us to pick up those copies that can be produced timely and advise us of when we can expect the remaining items to be available."

Within five days of receipt of the request for records, DDES responded by letter. No records were provided with the letter of response. The letter stated that DDES was not required to respond to Ockerman's request because he was a party to the pending litigation between FHRRD and DDES. The letter further stated that Ockerman was not entitled to use the public disclosure act to avoid the rules governing discovery in a civil lawsuit. Nonetheless, DDES indicated that it would comply with the records request and estimated that it would take approximately three weeks for the records to be available. The letter did not address whether portions of the records would be available for review before other portions.

Further written communications between the parties followed. Ockerman disputed the view that his request should be governed by the civil rules for discovery. He also objected to the estimated delay as "unnecessary and unexplained." Ockerman demanded that the records be made available several days after his letter of demand, and threatened litigation if DDES did not comply.

In reply, DDES stated that it was referring the matter to the prosecutor's office for further response. Ockerman responded by commencing this action and obtaining an order to show cause.

Between the commencement of this action and the show cause hearing, the parties exchanged further correspondence. It appears from the limited record before us that an unknown quantity of records were made available to Ockerman before the hearing. It is unclear what further records were to be provided as of the time of the hearing.

At the show cause hearing, the trial court concluded that DDES had violated the statute and ordered that the records be provided. Based on that ruling, the court awarded attorney fees and costs to Ockerman.

DDES appeals.

## Standard of Review

■ RCW 42.17.340(3) specifies that "[j]udicial review of all agency actions taken or challenged under RCW 42.17.250 through 42.17.320 shall be de novo." Accordingly, we reject Ockerman's argument that our review is confined to deciding whether the trial court's findings of fact are supported by substantial evidence and, if so, whether the findings support the conclusions of law.

## Public Records

DDES argues that the trial court erred in concluding that it violated RCW 42.17.320 by not providing a "timely and reasonable explanation for the delay in providing records that would not be available within 5 business days of the request." We agree.

■ The construction of a statute is a question of law that we review de novo.[2] We do not construe a statute that is clear and unambiguous on its face.[3] We assume that the legislature means exactly what it says,[4] and we give words their plain and ordinary meaning.[5] Statutes are construed as a whole, to give effect to all language and to harmonize all provisions.[6]

---

[2] *State v. Martin*, 137 Wn.2d 774, 788, 975 P.2d 1020 (1999).

[3] *Food Servs. of America v. Royal Heights, Inc.*, 123 Wn.2d 779, 784-85, 871 P.2d 590 (1994).

[4] *State v. McCraw*, 127 Wn.2d 281, 288, 898 P.2d 838 (1995).

[5] *State v. Keller*, 98 Wn. App. 381, 383-84, 990 P.2d 423 (1999), *review granted in part*, 140 Wn.2d 1020 (2000)

[6] *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 498, 909 P.2d 1294 (1996).

RCW 42.17.320 provides in part:

> Within five business days of receiving a public record request, an agency . . . must respond by either (1) providing the record; (2) acknowledging that the agency . . . has received the request and providing a reasonable estimate of the time the agency . . . will require to respond to the request; or (3) denying the public record request. Additional time required to respond to a request may be based upon the need to clarify the intent of the request, to locate and assemble the information requested, to notify third persons or agencies affected by the request, or to determine whether any of the information requested is exempt and that a denial should be made as to all or part of the request. . . . Denials of requests must be accompanied by a written statement of the specific reasons therefor.

DDES is an "agency" within the statute.[7] The statute sets forth three options for an agency to take within five days of a records request. The second of these options is at issue here.

■■■ RCW 42.17.320 is unambiguous. The only requirements under option (2) are that the agency acknowledge that it received the request and provide a reasonable estimate of the time it will require to comply with the request. The first of these requirements is not at issue. And the second requirement does not include any language requiring an explanation of the estimate of time to provide the records.

Had the legislature intended that an explanation of the reasonable time estimate be included in the response, it could have said so. We note that the statute expressly requires an agency to provide a written statement of its specific reasons if it denies a record request. Reading these two provisions together, it is clear that the express requirement for an explanation under option (3) and the absence of such a requirement under option (2) was a conscious decision by the legislature.[8]

---

[7] *See* RCW 42.17.020(1).

[8] *See Kreidler v. Eikenberry*, 111 Wn.2d 828, 835, 766 P.2d 438 (1989) (Because

At oral argument, Ockerman candidly admitted that the express words of the statute do not support his argument. But he claims that a liberal construction of the statute, which would effectuate the statute's underlying purpose of disclosure of public records, supports his position. We disagree.

■ No interpretation of this statute, no matter how liberal, allows this court to modify by judicial fiat the plain wording of the statute. We decline to do so.

We note that the record before us does not demonstrate any action by DDES that was inconsistent with its duty under the statute.[9] Ockerman made a comprehensive records request.[10] DDES demonstrated that the request would necessitate gathering the relevant responsive voice mail and e-mail from not less than 135 employees of the Building Services Division of DDES. It also confirmed that DDES reviewed the files, e-mail, and voice mail of *all* of its 285 employees for relevant information to ensure full response to Ockerman's comprehensive request. Additionally, DDES explained that there was no single file called the "permit file" and that the documents relevant to Ockerman's request were in different locations and had to be gathered together and assembled.

In short, the record before us demonstrates that the DDES estimate of time to provide the requested records was reasonable. DDES did not violate the statute.

DDES next argues that the trial court erred in concluding that DDES violated RCW 42.17.320 by "fail[ing] to timely

the citizens' initiative statute expressly permits review of certain superior court decisions but not of ballot title decisions, our Supreme Court held that the latter decisions are not appealable. The court explained, "Express mention of one thing implies the exclusion of another; therefore, we can infer an intent to preclude review of ballot title decisions.").

[9] *Cf. ACLU v. Blaine Sch. Dist. No. 503*, 86 Wn. App. 688, 695, 937 P.2d 1176 (1997) (Blaine School District's refusal to photocopy and mail 13 pages of requested documents to a requester located in Seattle was inconsistent with the public records act because it "effectively denied access to the records.").

[10] Ockerman sought "[a]ny and all documents contained in building permit file #B-98R0878" and "[a]ny and all voice mail and email messages relating in any manner" to the permit or the property for which the permit was granted.

provide documents that would have been available within five business days of the request." We agree.

 There is simply nothing in the statute that requires public records to be provided piecemeal. Under RCW 42.17.320, the agency has the option of acknowledging the request within five days *and* providing a reasonable estimate of the time the agency will require to respond to the request. The statute expressly contemplates that additional time may be required to provide records based upon the need "to locate and assemble the information requested" or to determine whether "any of the information requested is exempt and that a denial should be made *as to all or part of the request*."[11] If the agency were required to determine which portion of the request to produce and which portion to deny within the five-day time period, the option of taking additional time would be meaningless.

And nothing in the record that is before us indicates that DDES was required to provide any of the requested documents within the five-day period. In her declaration, Karin Ockerman stated that she had requested the "file" for permit number B-98R0878 approximately one month before the request that is at issue here. She said that DDES had provided the file within two days of her request. But this testimony does not demonstrate that DDES could have provided the records within the same time period for her husband's later and more comprehensive request.

In fact, the uncontroverted evidence in the record is that the separate FHRRD lawsuit against DDES, which was filed between the two records requests, made responding to Ockerman's request more difficult. At the time of the request that is before us, the records relating to the property were in multiple locations and were being used by the prosecutor's office in litigation.

It may be proper, under appropriate circumstances, for a responding agency to make public records available on a

---

[11] RCW 42.17.320 (emphasis added).

piecemeal basis. But there is no requirement in the statute for the agency to do so. DDES did not violate the statute.

DDES makes several additional arguments in support of its appeal. It contends the ruling below encroached upon the judiciary's inherent authority to promulgate its procedural rules for the conduct of discovery during lawsuits. DDES also contends that the ruling encroached upon the judiciary's authority to regulate the practice of law by imposing burdensome conditions on attorneys who represent public agencies. It also contends the criminal and civil rules for superior court supercede the public disclosure act to the extent the two are inconsistent. We expressly decline to address these issues because it is unnecessary to do so given our holding that DDES did not violate the public records portion of the public disclosure act.

We reverse the judgment.

BECKER, A.C.J., and APPELWICK, J., concur.